HORTON, Judge.
The appeal is from a summary final judgment entered by the court below, sua sponte, against the appellant after a pretrial conference.
The appellant brought suit for damages allegedly resulting from personal injuries occasioned by plaster falling from the ceiling in premises leased by the appellant from the appellees. A business establishment was operated by the appellant upon the leased premises. The appellant charges the appellee-landlords with negligence "in failing to properly maintain the said toilet facilities and plumbing appurtenances in parts of the building premises not leased to the plaintiff and in control of the landlord”; that by reason of such alleged negligence, water escaped from the defective plumbing, leaked into the area between the ceiling in the appellant’s store premises and the floor above and thereby caused the plaster to fall. Paragraph 6 of the lease attached to the appellees’ answer provided in substance that the lessee (appellant) covenanted to keep in good condition the interior of the premises including the plumbing, doors, etc. Paragraph 20 of the lease also provides that the lessor will keep the exterior of the building in good repair but that the lessee should give the lessor seven days’ written notice of needed repairs. It is not contended that written notice was given by the appellant to the ap-pellees of the defective plumbing but, on the contrary, that verbal notice was given two or three months prior to the alleged injury. The appellees interposed the defense of assumption of risk in addition to the denials of the allegations of negligence.
First, the appellant contends that the appellees did not interpose the defense of assumption of risk but instead the court interposed such defense for them. The record in this case disputes the appellant’s contention, and we conclude that such defense was raised by the appellees’ answer.
The appellant contends, secondly, that the court was in error in concluding as a matter of law that the appellant assumed the risk and therefore could not recover.
The appellant sought by his complaint to come within the rule of law that predicates liability upon the fact of control. The appellant charged the appellee-landlords with failure to repair defective plumbing in premises under their control. See Moore v. Lanier, 52 Fla. 353, 42 So. 462 and Brooks *611 v. Peters, 157 Fla. 141, 25 So.2d 205, 207. However, an analysis of the appellant’s statement of his case at the pre-trial conference shows that the appellant was aware of the defective plumbing in the premises above him for approximately two or three months prior to the time the ceiling fell and he sustained injuries. Under this admitted statement of fact, the appellant appears to have brought himself squarely within the doctrine of assumed risk. The Supreme Court of Florida, in Bartholf v. Baker, Fla. 1954, 71 So.2d 480, at page 483, said:
“Voluntary exposure is the bedrock upon which the doctrine of assumed risk rests. Appreciation of the danger is an essential to the defense of assumption of risk, or of contributory negligence, as is knowledge of the condition which creates the peril.”
The appellant here admittedly knew that the cause of the leak in the ceiling of the premises under lease to him was occasioned by defective plumbing in the premises above, as he had reported the condition to the landlord and sought to have the latter effect repairs. However, appellant also knew, or must be charged with knowing, that the damaged and weakened ceiling could fall and injure him, especially if the overhead leak should recur from resumption of use of the leaky fixtures, which in fact did happen. The fact that contract liability of the landlord under the lease continued throughout the period of his non-repair, does not mean that tort liability resulted when the ceiling fell after so long a time. It is not enough to say that the landlord’s failure to repair the fixtures and prevent the leaks was the proximate cause of the fall of the ceiling. This is so because prior to the time that happened the appellant had full warning of the impending accident, and voluntarily‘chose to remain exposed to it. Thus, under the circumstances presented, it was not the landlord’s failure to repair the overhead leaks, but the plaintiff’s assumption of the risk, which was the proximate cause of plaintiff’s injury.
 It is true that assumption of risk is an affirmative defense that must be proven and is generally a question of fact to be resolved by a jury. Since the appellant admitted the very facts upon which the ap-pellees rested their defense of assumed risk, the trial judge had no alternative than to terminate the litigation by the entry of a summary judgment.
Accordingly, the summary judgment appealed from should be and it is hereby affirmed.
Affirmed.
CARROLL, CHAS., C. J., and PEARSON, J., concur.