HORTON, Judge.
The appellant was a tenant in an apartment house owned by the appellee. She sued to recover damages for personal injuries occasioned by the falling of plaster from the ceiling in the bathroom of the apartment which she occupied. The appel-lee among other things interposed the defenses of assumption of the risk and contributory negligence. Upon the pleadings, depositions and affidavits the appellee moved for summary judgment which was granted and this appeal followed.
The primary thrust of the appellant’s argument for reversal is that genuine issues of material fact exist which preclude the entry of a summary judgment. We agree and reverse.
Neither of the parties to this appeal spoke or understood the English language well. The appellant was deposed through an interpreter. From the depositions of the parties and the affidavits on file the following facts are gleaned. The appellant occupied apartment 17 in the appellee’s apartment building which was immediately beneath apartment 25. Relatives of the appellant occupied apartment 25. About the time appellant entered into occupancy of apartment 17, she advised the appellee that the ceiling was in “bad condition.” Accord *9 ing to the appellant she understood the ap-pellee to say that the ceiling would be repaired. However, this was never done. The appellee does not admit such undertaking. The condition of the ceiling was variously described by the appellant as in “bad condition,” “broken, cracked,” and “stained.” The appellee stated that she had been in the bathroom of appellant’s apartment on-two or three occasions before the plaster fell and in the bathroom of apartment 25; that prior to the falling of the plaster in appellant’s bathroom she was aware that water was spilling onto the floor from the sink in the bathroom of apartment 25, and in fact she had replaced a worn out washer in one of the faucets located in that bathroom. Other than the relationship of the appellant to the tenants in apartment 25, there is no indication that appellant was aware of the conditions in the bathroom of that apartment or that such conditions had caused the ceiling to crack in her apartment. The tenant in apartment 25 stated in an affidavit filed in the cause, that he had reported to the appellee that the faucet in his apartment was continuously leaking and that the plumbing from the wash basin was out of order; that appellee came to his apartment and saw the condition of the wash basin as well as the faucet. The affiant described the wash basin as being “held together by some old rags which were wrapped around a joint in the plumbing but which said rags were inadequate to stop completely the spillage of water out of the basin and onto the floor.”
The appellant contends that on the facts presented, which were susceptible to different reasonable inferences, summary judgment was not proper. It is further argued that the trial court entered the summary judgment on the assumption that the appellant’s actions established, as a matter of la-w, that she had assumed the risk of the danger and therefore could not recover. The appellánt says this assumption is erroneous since it did not clearly appear that the essential elements necessary to invoke the doctrine of assumption of the risk had been established — in particular that there was no showing that there was an appreciation of the danger or a knowledge of the condition which created the peril. On the other hand, the appellee argues that since the appellant knew of the crack in the ceiling of the bathroom and continued to reside in the apartment, that under the rule announced by this court in Perlman v. Kraemer, Fla. App.1958, 104 So.2d 609, she was precluded from a recovery.
We point out at this juncture that the facts in the Perlman case and those in the case at bar are sufficiently distinguishable as to warrant our refusal to follow that case. In the Perlman case the tenant admitted the very facts upon which the doctrine of assumption of the risk is based and, as pointed out by this court in concluding the opinion:
“It .is true that assumption of risk is an affirmative defense that must be proven and is generally a question of fact to be resolved by a jury. Since the appellant admitted the very facts upon which the appellees rested their defense of assumed risk, the trial judge had no alternative than to terminate the litigation by the .entry of a summary judgment.” [Emphasis supplied]
There is no showing in the record of the case at bar that the appellant had any knowledge of the origin of the crack in the ceiling or that she was aware of the water spillage on the floor in the bathroom of apartment 25 or the condition of the plumbing. It is likewise not clear from the record that the spillage of the water in the bathroom in apartment 25 was the reason for the plaster falling in her bathroom, although it may be a reasonable inference to be drawn by a jury from the facts. In addition, the appellant testified that when the condition of the ceiling was called to the appellee’s attention, she. un-derstdod the appellee to agree that the ceiling would be repaired.
*10 We are of the view that on the basis of the record other valid inferences can be reasonably drawn from the facts as well as the inference that appellant, with knowledge of the condition and appreciation of the danger, continued to voluntarily expose herself to such danger.
We are well aware of the time honored Tule that a landlord is not liable for injuries to a tenant for failure to make repairs "to a demised premises, but may be liable .for negligently making agreed repairs. It "would appear that the modern trend is away irom the application of such a strict rule as was evident by a comment of Mr. Justice Hobson in Propper v. Kesner, Fla. 1958, 104 So.2d 1, page 2, when he said:
“Under earlier law, the rule was general that the landlord is not liable for an outright failure to repair, but there is now a pronounced trend toward the view that the landlord may be liable under such circumstances. See Annotation, Breach of Lessor’s Agreement to Repair as Ground of Liability for Personal Injury to Tenant or one in Privity with Latter, 163 A.L.R. 300 et seq., and cases cited therein. The modern view has been adopted in the Restatement of Torts, § 357, and we do not hesitate to follow it. It would seem inconsistent to us to hold in this context that the landlord is liable for misfeasance btit that he may escape liability by nonfeasance.” [Emphasis supplied]
See also Wallace v. Schrier, Fla.App.1958, 107 So.2d 754. Compare Garner v. La Marr, 88 Ga.App. 364, 76 S.E.2d 721. The Propper case involved an apartment house tenant who had difficulty in lighting the broiler on a gas stove in the apartment. After having complained of the condition •of the stove to the manager, she was assured by him that it was safe if normally ■operated. The tenant, relying on these assurances, attempted to ignite the broiler which, after the door was closed, exploded injuring the tenant. The Supreme Court resolved the issue on the basis that such action by the apartment house manager and his instructions to the tenant who relied upon them, constituted a reservation of control by the landlord sufficient to render the landlord liable for injuries occasioned by the defective operation of the appliance. Here there were genuine issues of material fact which could not be resolved by a summary judgment.
Accordingly, the judgment appealed is reversed and the cause is remanded for further proceedings.
Reversed and remanded.