HORTON, Judge.
The appeal here is from a summary final judgment adverse to the appellants.
The appellants were tenants in an apartment house owned and operated by a construction company. The appellee is the trustee for the construction company under the reorganization provisions of the Federal Bankruptcy Act. The appellant wife sued to recover for personal injuries sustained when a portion of the ceiling in her apartment fell and struck her. Her husband seeks recovery for medical expenses as a result of the alleged .injuries and for loss of consortium of his wife. It was charged in the complaint that the appellant wife’s injuries resulted from the appellee’s negligence in failing to maintain the ceiling in a safe condition and also in failing to repair the ceiling after being notified of its condition by the appellants. The appellee by answer denied these allegations and affirmatively charged the appellant wife with contributory negligence. Upon these issues framed by the pleadings, together with the depositions of the appellants the court entered the summary judgment appealed.
The appellee strenuously contends that the judgment should be affirmed on the-authority of Perlman v. Kraemer, Fla.App. 1958, 104 So.2d 609. That case involved a falling ceiling where the plaintiff admitted the very facts upon which the defendants rested their defense of assumption of the risk. We observed in that case that since the plaintiff had admitted the very facts upon which an issue was framed by the pleadings, there was no alternative for the trial judge except the entry of a summary judgment. Such, ar.e not. the facts in the case at bar.
Appellants contend that they repeatedly called the attention of the appellee or its agents to the condition of the ceiling and that actual inspections were made by ap- *312 pellee’s agents who assured appellants from time to time that the ceiling would not fall. Without laboring in this opinion the reasons why this court under the circumstances refuses to follow the pronouncements in Perlman v. Kraemer, supra, we refer counsel to the case of Alzugaray v. Markowitz, Fla.App. 1964, 163 So.2d 8, where the matter is treated at length. We observe in passing, however, that the specific defense of assumption of the risk was not pleaded in the case at bar but the argument of both counsel appears to be based upon the fact that such defense was interposed. We do not feel that such a difference constitutes a distinction and in any event, the question of contributory negligence or assumption of the risk is one for the jury.
Concluding as we have that it was error to enter the summary judgment, said judgment be and the same is hereby reversed.
Reversed.