HENDRY, Judge.
Appellant-defendant, the City of Miami, seeks review of a final judgment awarding $300,000.00, pursuant to a jury verdict for that amount, to appellee-plaintiff, Noemi L. Jiminez for the wrongful death of her husband, Rolando Jiminez. Ch. 768, Fla.Stat., F.S.A. Mr. Jiminez was shot and killed by police officer Clayton while decedent was moonlighting as a taxi-driver on February 17, 1970, at the taxi company’s headquarters.
The appellant city contends that the trial court erred in not directing a verdict in its favor and erred in refusing to give certain jury instructions. It also argues the verdict was excessive. The appellee replies that the trial court correctly refused to direct a verdict and that the court fully and fairly instructed the jury on the issues involved. She asserts the verdict was not excessive. We affirm.
In February, 1970, a taxi-cab strike was in progress. Early in the evening of February 17, 1970, a non-striking cab driver had been found shot and killed in his car a few blocks from the taxi headquarters. Following that incident, several of the nonstriking Cuban drivers, including the decedent, returned to company headquarters to inquire about it. They were urged not to take matters into their own hands. After news of the shooting became known, the striking workers abandoned their pickets, and only working drivers were present in the area.
Later, a car driven by a striking driver and containing another rider, pulled into the company lot. A security guard stopped *47 the vehicle and asked the striking driver to leave. Several of the non-striking employees, including the decedent, ran over to that car. Some of them attempted to remove the striking driver from his car. A Cuban driver, Eugenio Claude, armed with a .45 pistol fired two shots, one at the pavement and one at the tire of the vehicle, apparently to prevent it from leaving. Witnesses testified that decedent and another tried to prevent Claude from using the pistol Claude was displaying as he approached the car of the non-striking driver.
About this time an unmarked police vehicle, which was on a stake-out there, responded to a police call and pulled into the company lot. Witnesses testified that this car rushed in with its bright lights on and screeched to a stop. Officer Clayton testified that he was in uniform that night and observed two men, Claude and Jiminez, with guns. After shouting, “Police officer, drop your guns,” and seeing Claude raise his gun and fire, the officer then shot Claude. Clayton testified that Jiminez, who was standing next to Claude, also raised his gun, so the officer fired twice and Jiminez fell. Claude got up and fired again. However, other witnesses, including those called by the city, testified that Jiminez did not have a gun. Other persons apparently continued shooting.
Mr. Joseph Davis, Dade County Medical Examiner, testified that Jiminez was shot in the back.
Mr. Jiminez wás thirty-seven years old, and was survived by a widow and three minor teen-aged children. At the time of his death he held two jobs. Income tax records showed that his earnings increased each year, to $8,000.00 a year at the time of his death. In Cuba he had operated his own business. He was a good provider, a responsible family man, the sole support of his family and unusually industrious.
In pertinent part the jury was instructed:
“A municipal corporation is responsible for the acts of its police officers acting in the scope of their duties. ■
“Police officers, in the performance of their duties, have the right to use deadly force in protecting themselves on the apprehension of persons who are committing a felony or those who the officer believes have committed a felony.
“Assault with a pistol is a felony.
“If you find that the police officer acted as a reasonably prudent police officer should act under the existing circumstances, then you should find for the defendant, City of Miami.
“If you find that the officer did not act as a reasonably prudent police officer would 'or should act under the existing circumstances, then you should find for the plaintiff.”
To begin with, the city presents three arguments concerning the refusal to direct a verdict. One argument is that the decedent assumed the risk. The other two are that either the officer committed a homicide outside the scope of his employment or that he was fully justified in killing the deceased.
We reject these arguments, for conflicting evidence as to these matters were presented, and the court correctly permitted the jury to resolve these factual issues. In addition, the city’s first two points contain legal flaws; e. g., City of Miami v. Simpson, Fla.1965, 172 So.2d 435, 437; Prosser, Torts § 67, p. 450 (3rd ed., 1964).
On the basis of these authorities we also express the view that the appellant has failed to demonstrate the trial court committed reversible error in refusing the instructions requested by the city.
We have reviewed the record and have concluded that the evidence will support the- $300,000.00 jury verdict for the wrongful death of a hard working immigrant who was a responsible husband *48 and father. See: Nat Harrison Associates, Inc. v. Byrd, Fla.App.1971, 256 So.2d 50, 55-56.
We have considered the record, briefs and argument of counsel in the light of the controlling principles of law. We have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the judgment entered pursuant to the jury verdict is affirmed.
Affirmed.