297 So.2d 140 (1974)
Ruth RINDLEY et al., Appellants,
v.
Gertrude GOLDBERG, Appellee.
No. 73-1406.
District Court of Appeal of Florida, Third District.
June 25, 1974.
Lawrence Major, Miami, for appellants.
John L. Hartnett, Coral Gables, and Osborne W. O'Quinn, Miami, for appellee.
Before HENDRY and HAVERFIELD, JJ., and SMITH, SAMUEL, Associate Judge.
PER CURIAM.
Plaintiff-appellant seeks review of the trial court's order denying plaintiff's petition for rehearing of defendant's motion *141 for summary judgment and affirming the final summary judgment entered in favor of the defendant in this negligence action.
The undisputed facts are as follows: Plaintiff-appellant, Ruth Rindley, on December 30, 1971 was playing golf with the defendant-appellee, Gertrude Goldberg, and two other individuals. During the course of the game, defendant lost her ball and began to search for it. Plaintiff, who was standing on the green, advised the defendant of the location of her ball. While plaintiff-appellant looked on, defendant-appellee approached her ball and then hit it up onto the green. This ball struck the plaintiff who at the time was standing about 40 to 50 feet apart from the defendant. Having sustained injury thereby, plaintiff joined by her husband filed the instant action against the defendant for damages. In response thereto, defendant filed an answer alleging therein the affirmative defense of contributory negligence and assumption of the risk. Thereafter, defendant-appellee filed a motion for summary judgment which after having heard argument thereon, the trial court granted. Plaintiff filed a motion for rehearing and after oral argument thereon, the trial judge denied the motion. Plaintiff appeals therefrom.
Viewing the above facts in the light most favorable to the party moved against, we conclude therefrom that plaintiff's injury was a result of the certain obvious and ordinary risks of the sport of golfing which she assumed as a member of a golfing foursome with full knowledge of the normal dangers of participating therein. See 23 Fla.Jur.Negligence § 70 (1959) and cases cited therein.
Accordingly, we hereby affirm the order herein appealed.
Affirmed.