311 So.2d 697 (1975)
The CITY OF MIAMI, a Municipal Corporation, Appellant,
v.
Raleigh L. GRAHAM, Appellee.
No. 74-885.
District Court of Appeal of Florida, Third District.
April 1, 1975.
Rehearing Denied May 13, 1975.
*698 John S. Lloyd, City Atty., and Montague Rosenberg, Asst. City Atty., for appellant.
Franklin D. Kreutzer, Miami, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
The City of Miami was the defendant in an action brought by Raleigh L. Graham for an illegal arrest. At the trial of the cause before a jury, the City offered no evidence. The plaintiff Graham offered evidence which established that he was drinking in a bar when several policemen entered and arrested many of the patrons on a charge of drunkenness. He testified that he was required to take sobriety tests which he passed but that, nevertheless, he was taken to jail and booked for drunkenness and loitering. He was released after a few hours but was required to make four court appearances with the end result that the charge was dismissed. He was later re-arrested on the same charge and after two court appearances the charge was dismissed.
The testimony as to damages consisted of plaintiff's testimony and that of a treating psychiatrist. The plaintiff was employed as a postal clerk and his testimony is to the effect that he was humiliated and embarassed by the arrests. The psychiatrist revealed that the plaintiff came to him for treatment of excessive use of alcohol, that the problem was aggravated by the fact that the plaintiff is a homosexual and that, in the psychiatrist's opinion, plaintiff's experiences in being arrested could have caused or aggravated both problems. Appellant and his witness presented testimony upon which the jury could find approximately $1,000 in damages in terms of actual expenditures of time and money and approximately $4,000 in terms of future expenses for treatment of plaintiff's illnesses. A claim for punitive damages was not submitted to the jury but, upon the evidence submitted, the jury returned a verdict and judgment in favor of the plaintiff for $30,000. A motion for new trial was made upon the ground of the excessiveness of the verdict but was denied.
On this appeal, the City's main point is that it had no liability under City of Miami v. Albro, Fla.App. 1960, 120 So.2d 23, and Trivette v. State, Fla.App. 1971, 244 So.2d 173. In our opinion, the cited cases are distinguished from the instant case in that here the testimony of the plaintiff, which the jury was entitled to believe, was as to facts which would not give the police probable cause for arrest. The City's failure to explain the basis for the arrest made it probable that the jury would accept plaintiff's testimony as to all of the circumstances. We, therefore, hold that the first point does not present reversible error.
As to appellant's second point, which urges error upon the trial court's denial of the City's motion for a new trial based upon the ground of the excessiveness of the verdict, we find error is demonstrated by this record. Inasmuch as the issue of punitive damages was not submitted to the jury, such damages could not be considered by it. And the jury must have a factual basis before it so that its members can, as reasonable men, reach the figure allowed as compensatory damages. See Berwick Corp. v. Kleinginna Investment Corp., Fla.App. 1962, 143 So.2d 684. In the present instance, the ascertainable damages taken at the values assigned them by the plaintiff himself would not exceed $5,000. The remainder must be assigned to the jury's assessment of the value of plaintiff's embarrassment and humiliation for the several hours spent in jail and in court, plus special damages for aggravated drunkenness and homosexuality based upon the psychiatrist's opinion. Since it was apparent that appellant was already given to the use of alcohol and inclined toward homosexuality prior to his arrest, the jury could *699 not properly attribute, in their entirety, these unfortunate conditions to the actions of the City. The testimony of the psychiatrist is not explicit nor does it give a basis for his determination that portions of plaintiff's troubles stemmed, in his opinion, from the action of the City. Nevertheless, we cannot fault the jury for taking the matter into consideration. The amount of $25,000 above the ascertainable damages is simply excessive and is such that it could not be arrived at by any rational process upon the evidence here submitted.
The record reveals that a part of the trouble in this case arises from the fact that the court could not find a jury on the morning of trial composed of persons who were of the opinion that they would not be prejudiced against the plaintiff because of his sexual behavior. The court finally found a jury who stated that they would promise to give plaintiff a fair trial. It is clear that they not only lived up to their promise, but made him a gift from the public coffers.
We are aware of those cases holding that the denial of a new trial is a matter peculiarly within the discretion of the trial court. Geffrey v. Langston Construction Co., Fla. 1952, 58 So.2d 698. We also take cognizance of the rule that it is the trial court's conscience that is tested by a claim that a verdict is excessive. Lincoln v. Miggins, Fla.App. 1971, 249 So.2d 88. Nevertheless, we hold that the circumstances of this case transcend the ordinary situation and that they fall within the purview of the rule that an appellate court will reverse where the amount of a jury verdict is without reasonable basis in the record. Bartholf v. Baker, Fla. 1954, 71 So.2d 480.
We hold that the trial judge committed error when he failed either to enter a remittitur or to grant a new trial upon the City's motion on the ground of the excessiveness of the verdict. Having found that any judgment in excess of $10,000 in this case would amount to an award based entirely upon speculation, we reverse the judgment appealed and remand the cause with directions that if the plaintiff shall enter a remittitur in the amount of $20,000, then a judgment may be entered for the balance of the verdict. If the plaintiff fails within ten days of the filing of the mandate of this court to enter such remittitur, the trial court shall order a new trial as to damages only.
Reversed and remanded with directions.