323 So.2d 688 (1975)
Margaret WEEDMAN, Appellant,
v.
SUNLAND ROLLER RINK, INC., Appellee.
No. 75-211.
District Court of Appeal of Florida, Third District.
November 12, 1975.
Rehearing Denied January 14, 1976.
*689 Ralph P. Ezzo, Miami, for appellant.
Preddy, Haddad, Kutner & Hardy, Miami, for appellee.
Before PEARSON and NATHAN, JJ., and HALL, VINCENT T., Associate Judge.
PEARSON, Judge.
The determinative issue on this appeal is whether the defense of assumption of risk appeared as a matter of law from the facts adduced by the plaintiff. The trial judge found that the defense was an absolute bar to plaintiff's action for personal injuries and thereupon directed a verdict for the defendant at the close of plaintiff's case. We hold that, upon the facts of this case, the defense was a question for the jury and, therefore, we reverse the judgment.
Plaintiff Margaret Weedman, 57 years of age, went to defendant's rink to roller skate. She testified that before beginning to skate, she watched the other skaters for ten to fifteen minutes. She noticed many young people skating close to other skaters, darting in and out, and cutting in front of people. She then entered the rink and began skating, believing that because she was a good skater, there was no danger to her. At one point, she complained to a guard about the reckless young people, and the guard said he would "take care of it." She continued to skate. Thereafter, a young boy skated swiftly toward her, crashed into her, and knocked her down. She sustained serious injuries. The plaintiff brought an action against the operators of the roller skating rink alleging that the defendant, as the operator of a place of public amusement, failed to take reasonable precautions to prevent injury to her as a patron.
This court has held that under the comparative negligence rule as adopted by the Supreme Court of Florida in Hoffman v. Jones, Fla. 1973, 280 So.2d 431, the defense of assumption of the risk is a viable defense and that, if established, it is a complete defense. Dorta v. Blackburn, Fla. App. 1974, 302 So.2d 450. This view has not yet been established as the law of Florida because the District Court of Appeal for the Fourth District has held that the defense of "... assumption of the risk merges with and becomes a phase of comparative negligence." Rea v. Leadership Housing, Inc., Fla.App. 1975, 312 So.2d 818, 823.
It, therefore, appears that under the view adopted by this court, it is proper for *690 a trial judge to direct a verdict for the defendant where it appears without issue of fact that the plaintiff has, as a matter of law, assumed the risk of the injury. On the other hand, if the defense is an aspect of comparative negligence, then it is not a complete bar and a directed verdict is error. We will, of course, follow our prior decision unless convinced of error or a contrary decision of the Supreme Court is published. We proceed, therefore, to the question of whether an issue was presented for jury determination.
The defense of assumption of the risk is not ordinarily a question of law for determination by the court. See Bartholf v. Baker, Fla. 1954, 71 So.2d 480; Perlman v. Kraemer, Fla.App. 1958, 104 So.2d 609, and Clark v. Ocala Gas Company, Fla.App. 1960, 123 So.2d 391. There are instances where the danger is so obvious and the submission is so clearly voluntary that the defense appears as a matter of law. These instances have often arisen from participation in games or sport activities. Payne v. City of Clearwater, 1944, 155 Fla. 9, 19 So.2d 406; Gulf Stream Park Racing Association, Inc. v. Miller, Fla. App. 1960, 119 So.2d 749, and Rindley v. Goldberg, Fla.App. 1974, 297 So.2d 140. The defendant urges the application of these cases to the fact situation that we have in the present case, and in this regard, we certainly do not discount the fact that the jury may find that the plaintiff (1) with knowledge and appreciation of the danger, (2) voluntarily exposed herself to that danger in order to enjoy the activity for which she had paid an admission.
The application of the defense as a matter of law would be much more likely if the plaintiff were not a paid admittee to a place of public entertainment. Here, the plaintiff had a limited right to rely upon defendant's duty to maintain a reasonably safe place for the activity she had paid to participate in. See Rainbow Enterprises v. Thompson, Fla. 1955, 81 So.2d 208. In addition, we note that shortly prior to the accident, she was reassured by defendant's employee that the unruly skaters would be "taken care of."
We hold that the decision in this case is governed by those decisions holding that where there are different interpretations and implications from the facts presented by plaintiff's case, the trial judge ought not determine the application of the defense to those facts. See the rule stated in City of Miami v. Jiminez, Fla.App. 1972, 266 So.2d 46. See also Anderson v. Southern Cotton Oil Co., 1917, 73 Fla. 432, 74 So. 975. But see Rauch v. Pennsylvania Sports & Enterprises, Inc., 1951, 367 Pa. 632, 81 A.2d 548, involving facts somewhat similar to the present case.
We, therefore, reverse the judgment based upon the directed verdict for the defendant and remand the cause for trial.
Reversed and remanded.