PEARSON, Judge.
The plaintiff Margaret Weedman appeals a final judgment for the defendant Sunland Roller Rink, Inc., which was entered pursuant to a jury verdict in her action for injuries received at the roller rink. A prior appeal in this case is reported at 323 So.2d 688. The factual background set out therein need not be repeated here.
The trial judge acting pursuant to the mandate and the holding of this court in Dorta v. Blackburn, 302 So.2d.450 (Fla.3d DCA 1974), instructed the jury that if they found that the plaintiff assumed the risk of Sunland’s negligent conduct, she was completely barred from recovery. The giving of the instruction was objected to by the' plaintiff. The jury returned a verdict for the defendant Sunland. Plaintiff’s motion for a new trial was denied and this appeal followed.
It is clear that the trial court acted pursuant to our view of the law as enunciated in Dorta v. Blackburn, supra. Nevertheless, it is the duty of an appellate court to apply to an appeal the law as to substantive rights at the time of the appeal. See Personnel Board of City of Miami Beach v. Majewski, 227 So.2d 498 (Fla.3d DCA 1969); and Fitzgerald v. Addison, 287 So.2d 151 (Fla.2d DCA 1973). The Supreme Court of Florida has settled the law on this subject adversely to this court’s view in Blackburn v. Dorta, 348 So.2d 287 (Fla.1977). In that opinion, the Supreme Court held:
“. . . that the affirmative defense of implied assumption of risk is merged into the defense of contributory negligence and the principles of comparative negligence enunciated in Hoffman v. Jones, [280 So.2d 431 (Fla.1973),] . . shall apply in all cases where such defense is asserted.”
Therefore, the instruction upon assumption of risk given by the trial court was reversible error. Therefore, the judgment is reversed and the cause is remanded for a new trial.
Reversed and remanded.