HUBBART, Judge
(dissenting).
I must respectfully dissent. I would reverse the order appealed from and remand the cause to the trial court with directions to reinstate the jury verdict and render a judgment for the plaintiff thereon. In my view, the trial court acted as a seventh juror in ordering the remittitur under review as the reasons appearing in the new trial order do not support the trial court’s conclusion that the verdict was contrary to the weight of the evidence and excessive. Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978); Bould v. Touchette, 349 So.2d 1181, 1184 (Fla.1977); Lassitter v. Intern. Union of Op. Engin., 349 So.2d 622, 626-627 (Fla.1976); Corbett v. Seaboard Coastline Railroad, 375 So.2d 34 (Fla. 3d DCA 1979). Moreover, the alleged inflammatory statements mentioned in the majority opinion do not appear as a ground for the remittitur in the order appealed from and were, in any event, woefully inadequate as a ground for reducing this jury verdict. White v. Martinez, 359 So.2d 7 (Fla. 3d DCA 1978). Finally, my review of City of Miami v. Graham, 311 So.2d 697 (Fla. 3d DCA 1975), convinces me that the facts of such case are so significantly different from the instant case that the decision therein rendered cannot govern the outcome here. I would reverse and remand as indicated above.