467 So.2d 748 (1985)
Jacquelyn HENNAGAN, As Natural Guardian of Ada Elizabeth Hennagan, a Minor, and Jacquelyn Hennagan, Individually, Appellant,
v.
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellee.
No. AS-227.
District Court of Appeal of Florida, First District.
April 9, 1985.
Charles W. Dodson of Fuller & Johnson, Tallahassee, for appellant.
Douglas A. Mang and Gary J. Anton of Mang & Stowell, Tallahassee, for appellee.
BOOTH, Judge.
This cause is before us on appeal after entry of final summary judgment in favor *749 of defendant, Department of Highway Safety and Motor Vehicles. By interlocutory orders, the trial court granted defendant's motion to dismiss Counts I through IV and Count VI of the amended complaint, granted defendant's motion for summary judgment on the third amended complaint, and denied plaintiff's motion to allow filing of a fourth amended complaint. On appeal, plaintiff's main contention[1] is that the court erred in dismissing Counts I through IV of the amended complaint alleging negligence, false imprisonment, unlawful search, and invasion of privacy.
The complaint alleges, in pertinent part, as follows:
On or about the afternoon of January 9, 1979, near Homestead, Dade County, Florida, Willie Thomas Jones approached the minor, ADA ELIZABETH HENNAGAN, who was walking home alone from grade school. While acting under the authority of the Florida Highway Patrol, a subdivision of the Defendant, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, and clothed in its uniform, Willie Thomas Jones, advised ADA ELIZABETH HENNAGAN, that she was under suspicion for theft and that it would be necessary to search her person and that she should immediately enter his vehicle.
... .
At the time and place alleged above, Willie Thomas Jones had absolutely no information or reason to believe said minor was engaged in any criminal activity and therefore, lacked sufficient suspicion or probable cause to conduct any investigation whatsoever into her activities, to detain her in any way, to advise her that she was under suspicion of theft, to request that she enter his vehicle, or to conduct any type of search of her person.
... .
Subsequent to the detainment of ADA ELIZABETH HENNAGAN as described above, Willie Thomas Jones did in fact drive the minor child to an obscure location and then remove portions of her clothing and perform an illegal search and touching of her body and did in fact sexually abuse and molest her.[[2]]
Plaintiff brought this action against the Department of Highway Safety and Motor Vehicles, claiming physical and psychological damage, and mental pain and suffering. Counts I through IV, at issue here (alleging negligence, false imprisonment, unlawful search, and invasion of privacy), were dismissed with prejudice on the grounds that Jones' actions were, as a matter of law, outside the course and scope of his employment. Plaintiff filed a third amended complaint which stated a claim for false arrest and realleged the negligent hiring count. Final summary judgment was then entered in favor of the Department of Highway Safety and Motor Vehicles.[3]
Section 768.28(1), Florida Statutes (1977),[4] in effect at the time of the incident, provided:
In accordance with s. 13, Art. X, State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act. Actions at law against the *750 state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of his office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act. [emphasis added]
The "course and scope of employment" test for liability of the private and the public employer are essentially the same. See, City of Miami v. Simpson, 172 So.2d 435, 437 (Fla. 1965). The common law rule is stated by this court in Lay v. Roux Laboratories, Inc., 379 So.2d 451, 453 (Fla. 1st DCA 1980):
As a general rule under the principles of the common law, an employer is liable in damages for the wrongful act of his employee that causes injury to another person, if the wrongful act is done while the employee is acting within the apparent scope of his authority as such employee to serve the interests of the employer, even though the wrongful act also constitutes a crime not a homicide or was not authorized by, or was forbidden by, the employer, or was not necessary or appropriate to serve the interests of the employer, unless the wrongful act of the employee was done to accomplish his own purposes, and not to serve the interests of the employer. Stinson v. Prevatt, [87 Fla. 416] 94 So. 656 at 657 (Fla. 1922).
... However, an employee is not acting in the scope of employment if it can be found that the employee has "stepped away" from employer's business at the time of the infliction of the tort and that the motive was unrelated to the employee's duties, but rather was in furtherance of the employee's interests; then, the master cannot be held liable for the servant's act. Martin v. United Securities Service, Inc., 373 So.2d 720 (Fla. 1st DCA 1979).
Taking the allegations of the complaint as true, as we must on a motion to dismiss, it cannot be said that the factual situation alleged as the basis for the various torts claimed is outside the scope of the officer's employment as a matter of law. Counts I through IV of the amended complaint allege actions by Jones which may well have been undertaken, in whole or in part, within the scope of his employment to further the Department's interests, and these allegations sufficiently state causes of action. Count I alleges that Jones negligently and carelessly performed his duties as a trooper by approaching, questioning, detaining, transporting, and illegally searching Ms. Hennagan without reasonable suspicion or probable cause. Count II alleges that Jones unlawfully detained and restrained her against her will. Count III alleges an unlawful and illegal search and touching, a battery. Count IV alleges an invasion of privacy based on an unlawful touching.
The complaint alleges a number of actions which could be found to exceed authority but not be outside the scope of employment as that term has been interpreted in the private and public sectors. For example, the use of excessive force by an officer in effecting an arrest may render the public employer liable for the intentional torts inflicted thereby. City of Miami v. Albro, 120 So.2d 23 (Fla. 3d DCA 1960); City of Miami v. Jiminez, 266 So.2d 46 (Fla. 3d DCA 1972); City of Miami v. Graham, 311 So.2d 697 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 17 (Fla. 1976); City of Jacksonville v. Walton, 318 So.2d 546 (Fla. 1st DCA 1975). Thus, conduct may be within the scope of employment, even if it is unauthorized, if it is of the same general nature as that authorized or is incidental to the conduct authorized. Lewis v. Walston and Company, 487 F.2d 617 (5th Cir.1973).
*751 In the instant case, it cannot be said, as a matter of law, that the acts alleged were or were not done in furtherance of Trooper Jones' duties to apprehend a shoplifting suspect.[5] That the acts of Jones resulted in a criminal offense does not preclude a determination that the acts were initiated in the course and scope of his employment and to serve the interests of the employer. 2 Fla.Jur.2d Agency and Employment § 220. Conduct is within the scope of employment if it occurs substantially within authorized time and space limits, and it is activated at least in part by a purpose to serve the master. The purpose of the employee's act, rather than the method of performance thereof, is said to be the important consideration. 2 Fla. Jur.2d Agency and Employment § 213.
This court, in Roux Laboratories, supra at 453, quoted with approval from Columbia By The Sea, Inc. v. Petty, 157 So.2d 190, 194 (Fla. 2d DCA 1963):
Although there is a cogent and persuasive argument that Menendez [employee] acted for personal reasons entirely divorced from his duties and responsibilities as maitre'd, (sic) it is not impossible to attribute the anger, assault and battery to overzealousness in the protection of what he envisioned as his employer's interests.
Likewise, it is not impossible to attribute the alleged actions of Trooper Jones, at least in part, to misfeasance and/or overzealousness in the performance of his official duties. On the more stringent test of summary judgment or trial, these matters may be resolved adversely to plaintiff, but the allegations of the complaint are sufficient to withstand motion to dismiss.
The judgment below is affirmed in part and reversed in part. We affirm the summary judgment entered in favor of defendant on the third amended complaint, but reverse the order dismissing Counts I through IV of the amended complaint. Morse v. Hendry Corporation, 177 So.2d 31 (Fla. 2d DCA 1965). The cause is remanded for further proceedings based on the allegations made in Counts I through IV of the amended complaint and consistent with this opinion.
ERVIN, C.J., and ZEHMER, J., concur.
NOTES
[1] Not challenged on appeal is the dismissal of Count VI of the amended complaint, which alleged a sexual battery. Expressly not made an issue on appeal is negligent hiring. Asserted as error but not briefed is the granting of summary judgment as to the false arrest count. The parties agree that the striking of Hennagan's deposition is a moot issue, and we therefore do not address it.
[2] The trial court's order on summary judgment contains additional recitations of fact not directly pertinent to our consideration of the order of dismissal, including the fact that Jones resigned after the incident was reported and was subsequently convicted, on a plea of nolo contendere, of lewd and lascivious assault. His whereabouts are now unknown.
[3] See n. 1.
[4] The current waiver of sovereign immunity statute, Section 768.28, Florida Statutes (1983), similarly waives immunity in Subsection (1) and further provides, in Subsection (9)(a), that "[t]he state or its subdivisions shall not be liable in tort for the acts and omissions of an officer, employee or agent committed while acting outside the scope of his employment."
[5] Compare City of Green Cove Springs v. Donaldson, 348 F.2d 197 (5th Cir.1965) (rape by police officer not in course and scope of employment).