[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS NEGLIGENCE COUNT
In this case the revised complaint alleges the defendant and plaintiff were both state employees. It further alleges that on a certain date the defendant called the plaintiff into his office and demanded sexual favors. The plaintiff attempted to leave and the defendant allegedly slammed a door on her striking her in the face and wrist and causing her physical injuries. The complaint is in several counts. The count the defendant seeks to dismiss is the count which alleges the foregoing facts and claims negligence. CT Page 10774
The defendant moves to dismiss pursuant to Section 4-165
of the General Statutes. The defendant maintains a state employee may not be sued for negligence if any injuries claimed were not "caused in the discharge of (that employee's) duties or within the scope of his employment." Before bringing suit, a plaintiff would have to present his claim to the Claims Commissioner pursuant to section 4-160 and receive permission to sue. This suit is thus barred by the plaintiff's failure to exhaust her administrative remedies.
It is no doubt true that the state is immune from suit unless it consents to be sued. Duguay v. Hopkins, 191 Conn. 222,227 (1983). A suit against a state employee acting in discharge of his or her duties and in the scope of his or her employment is in reality a suit against the state. For this reason, Section 4-165 C.G.S.A. was passed.
The defendant seems to be arguing that the mere fact that a state employee, who is admitted to be such, is sued for negligence means that no suit can be brought against that employee without the plaintiff first having first gone to the Claims Commissioner and receiving permission to sue. Section 4-165 is in abrogation of the common law and must be strictly construed. McKinley v. Musshorn, 185 Conn. 616, 621 (1981). If the defendant's argument were to be accepted the statutory language that the state employee must cause the injuries alleged "in the discharge of his duties or within the scope of his employment" before the statute comes into play would seem to be superfluous. Limited as the court is on this motion to the record and pleadings the court, for example, has no idea as to whether the alleged acts took place on a work day, within work hours, whether the defendant called the plaintiff into his office on any pretext, whether they worked in the same section or department or a host of other factors which the court would need to know to decide whether the alleged acts can be said to have occurred within the scope of the defendant's employment. cf. Hennegan v. Dept. of Highway Safety, 467 So.2d 748, 750 (1985) for the factors that must be considered by a court under a Florida statute somewhat similar on this issue to our own.
The motion to dismiss is denied. Resolution of this matter would require a hearing on the facts. CT Page 10775
Corradino, J.