GRIFFIN, Judge,
concurring specially.
I write only to respond to footnote one of the dissent which suggests the en banc majority has attempted to duck a conflict. This is not so. The case of Hennagan v. Department of Highway Safety and Motor Vehicles, 467 So.2d 748 (Fla. 1st DCA 1985), is both procedurally and factually different from the present case. The issue under consideration in Hennagan was whether the lower court erred in dismissing with prejudice claims of negligence, false imprisonment, unlawful search, and invasion of privacy on the ground that the state employee’s actions were, as a matter of law, outside the course and scope of his employment. In that case, the complaint alleged that the employee, while acting under his authority as a state highway patrol officer, advised the plaintiff that she was under suspicion for theft, that it would be necessary to search her person and that she should enter his vehicle. He subsequently removed portions of her clothing, performed an illegal search in touching her body and sexually abused and molested her. As is made clear by the portion of the Hennagan opinion quoted in the dissent, the First District Court of Appeal found that, under the allegations of the complaint, it was not impossible to attribute the trooper’s actions, at least in part, to misfeasance and/or overzea-lousness in the performance of his official duties. The Hennagan court even suggested that the case might not survive the “more stringent test of summary judgment.”
Here, after the development of a full record, the evidence showed without dispute that Hernlen’s beating of McGhee was animated purely by a personal dispute between two people who knew each other. The en banc majority has no desire and no need to quarrel with Hennagan.