266 So.2d 92 (1972)
Samuel Alfred RUSSELL and Floyd Jameson, Appellants,
v.
The STATE of Florida, Appellee.
No. 72-139.
District Court of Appeal of Florida, Third District.
August 29, 1972.
Rehearing Denied September 22, 1972.
*93 Eugene P. Spellman and Denis Dean, Miami, for appellants.
Robert L. Shevin, Atty. Gen., and Arnold R. Ginsberg, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendants, Samuel Alfred Russell and Floyd Jameson, seek review of their non-jury convictions and sentences imposed by the court for aiding or assisting in conducting a lottery, possession of lottery implements, devices or paraphernalia and possession of lottery tickets.
The testimony adduced at trial shows that police officers had been conducting a surveillance at a residence in Miami over a long period of time when they were given information from a confidential informant that a man would arrive at the home after midnight on a particular date to pick up lottery tickets. The informant offered no physical description of the man nor any indication how he would arrive at the home. A few minutes past midnight on the designated date, a car carrying the defendants drove up to the house. One man exited the car, entered the house and remained only one minute before he returned to the car carrying a paper bag. As the car carrying the defendants drove off, the officers followed and after driving two miles the defendants' vehicle was stopped, the officers identified themselves and advised the two occupants of the car that they had probable cause to believe they were transporting lottery equipment. The defendants were placed under arrest, the car was searched and lottery tickets, money and envelopes were found. At trial a motion to suppress this evidence was denied and the convictions herein appealed resulted.
Defendants urge two points on appeal. First, that no probable cause existed for the stopping of the vehicle and, second, the evidence was not sufficient upon which to base a conviction.
In consideration of appellants first point we must determine whether the police officers who stopped the defendants and restricted their liberty of movement had probable cause to believe that a crime had been committed. The fact that afterwards contraband was discovered is not enough. An arrest is not justified by what a subsequent search discloses as held in Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1947).
Probable cause for arrest is defined as a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused man to be guilty. The officer need not actually see the law being violated nor must he satisfy himself beyond any question that a felony has been committed. The officer must arrive at a decision on probable cause not by an analysis of the effect of each isolated circumstance, but rather by a conclusion as to what a reasonable man would have believed had he known all the facts available to the officer. Diaz v. State, Fla. 1949, 43 So.2d 13; State v. Bell, Fla.App. 1971, 249 So.2d 748.
The facts in the instant case can be distinguished from Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959). In Henry the court found that there was no probable cause to believe that the defendant was violating or had violated the law. The arresting officer had seen defendant get into a car and subsequently load cartons into the car when he had stopped in an alley. Contraband of a different nature from that which the officers were originally interested was found when the vehicle was searched. This, however, did not justify the search or the arrest.
In the instant case a surveillance was conducted by the police at one particular home on numerous occasions. This fact, *94 coupled with the tip from the informant and the subsequent midnight pick up, amounted to a set of circumstances which reasonably led the police to believe that a crime was being committed. The arrest, search and seizure which later occurred were founded on probable cause, were valid and the evidence found therefrom was and should be admissible.
The lawfully seized evidence gave all the indications of a live lottery operation and it will sustain defendants' convictions of aiding or assisting in conducting a lottery. Lopez v. State, Fla. 1953, 66 So.2d 807.
Accordingly, the convictions and sentences herein appealed are affirmed.
Affirmed.