318 So.2d 546 (1975)
CITY OF JACKSONVILLE, a Municipal Corporation, and Transportation Insurance Company, an Insurance Corporation, Appellants,
v.
Julian W. WALTON, Jr., Appellee.
No. U-220.
District Court of Appeal of Florida, First District.
June 30, 1975.
Rehearing Denied August 28, 1975.
Walter L. Robison, Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for appellants.
J. Richard Moore, Corrigan, Werber & Moore, Jacksonville, for appellee.
STEWART, LEON F., Associate Judge.
This is an appeal from a verdict and judgment in favor of Appellee, plaintiff below, against the Appellants, City of Jacksonville, a municipal corporation, and Transportation Insurance Company, its insurance carrier, defendants below. Plaintiff had sued the defendant for false arrest and imprisonment.
At about 5:00 a.m. on November 5, 1972, two police officers of the City of Jacksonville noticed a 1967 yellow and black Camaro being driven erratically on the service road of the Arlington Expressway in Jacksonville. They fell in behind the automobile and stopped it when, in their opinion, it continued to be driven erratically. Appellee's brother-in-law was driving and furnished the officers with identification and a valid driver's license. There was a conflict in the evidence as to whether Appellee showed any identification. After determining that there were no outstanding warrants against either of the men and that the car was not stolen, the officers apologized and left, heading toward downtown Jacksonville.
*547 The officers then heard a report of a rape in the downtown area. The rapist was described as heavy-set, six feet tall, light skinned, wearing a black hat, and driving a gray Grand Prix. The officers continued downtown, gassed up their car, and then decided that one of the men in the Camaro which they had stopped could be the rapist. Meanwhile, Appellee herein had called the police station to report that he was unable to find his wallet after the officers left. The officers returned to the scene where they had first seen Appellee and his brother-in-law. They were still there. Appellee had found his wallet, and showed identification. The officers then arrested him.
It was undisputed that Appellee produced identification giving his correct name. The police had been supplied with the name of the suspect, to-wit, Donald McIntyre. Further, the arresting officers refused to drive 400 feet from the arrest scene to talk to Appellee's wife, but took Appellee to jail. We might note here that the jury could have determined from the testimony that the only part of the description given by the victim to the police which matched that of Plaintiff-Appellee was that both were black.
Appellee was taken to jail, where he was charged with A & B and assault with intent to commit rape. He was fingerprinted, photographed, and booked. Upon being shown the photograph of Appellee and his brother-in-law the victim stated that neither of the men was the one who assaulted her, and that Donald McIntyre looked nothing like Appellee. Thereafter the charges against Appellee were dismissed.
Plaintiff-Appellee brought suit against the City of Jacksonville and the arresting officers for false arrest and false imprisonment, which ended in a jury verdict for the Plaintiff-Appellee and against all the defendants therein.
Appellants contend that the issue before the Court on this appeal is whether the arrest of Plaintiff-Appellee without a warrant was valid.
Appellee contends that the issue is whether or not, at the time of Plaintiff-Appellee's arrest, the arresting officers had reasonable grounds or probable cause to believe that he had committed the assault with intent to commit rape.
We agree with Appellee's statement of the issue.
Florida Statutes, Sec. 901.15, provides when arrests by officers without a warrant are lawful. The applicable portions read:
"901.15 When arrest by officer without warrant is lawful  A peace officer may arrest a person without a warrant when: * * *
"(3) He reasonably believes that a felony has been or is being committed and reasonably believes that the person to be arrested has committed or is committing it."
Appellants and Appellee agree that the test in determining whether there existed reasonable ground to arrest without a warrant in the case sub judice is the sufficiency of the knowledge by the arresting officer, put to the test of what a reasonable man knowing all the facts within the knowledge of the officer, would have believed under the circumstances.
The Supreme Court of this State in the case of State of Florida v. Outten, 206 So.2d 392, defined "probable cause" as follows:
"The facts constituting probable cause need not meet the standards of conclusiveness and probability required of the circumstantial facts upon which conviction must be based. The sufficiency of the officer's knowledge is not to be judged by an analysis of the effect of each isolated circumstance. Rather, it is to be measured by the test of what a reasonable man would have believed had *548 he known all of the facts known by the officer."
This test of what a reasonable man, possessed of the knowledge of the police officer, would have believed was followed also in the cases of Russell v. State, 266 So.2d 92 (3d, Fla.App.); Hardy v. State, 276 So.2d 536 (4th, Fla.App.); State v. Knapp, 294 So.2d 338 (2nd, Fla.App.).
Mr. Justice Powell of the Supreme Court of the United States, in the case of Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), stated:
"The standard for arrest is probable cause, defined in terms of facts and circumstances `sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.'"
In the case sub judice it is quite obvious that the jury determined and did find that the arresting officers, with the knowledge of all the facts, when viewed in the light of what a reasonable man would believe, where not justified in the arrest of Plaintiff-Appellant. From our review of the transcript of the trial we can find nothing to justify our finding that the jury's verdict was against the manifest weight of the evidence.
Therefore the verdict and judgment entered below are hereby affirmed.
JOHNSON, J., concurs.
BOYER, Acting C.J., concurs specially.
BOYER, Judge (concurring specially).
I concur in the conclusion reached under the circumstances of this particular case. However, I am anxious that our opinion here be not construed as a criticism of law enforcement officers in the diligent performance of their duties. Hindsight is much better than foresight and it is frequently easy upon meditation and cogitation to decide that there was a better alternative to a prior course of action. Police officers seldom enjoy the luxury of an opportunity to meditate before acting. Their actions must, of necessity if they are to be effective, be swift. (See Price v. Gray's Guard Service, Inc., Fla.App. 1st 1974, 298 So.2d 461) However, hectic as it may be the requisites of probable cause must be satisfied. (See Russell v. State, Fla.App. 1972, 266 So.2d 92)
The salient facts, in my view, here are that the victim knew the identity of her assailant and not only did appellee identify himself as not being that person but he also sought to induce the arresting officer to confirm his identity by his wife who was sleeping approximately 300 feet from the place of arrest. There was no opportunity for appellee to escape under such circumstances, should he have not been the person that he claimed that he was and positive identification was immediately available. Under such circumstances, there having been nothing to indicate any imminent danger to the officers personally nor to the charge that they were attempting to make, there was no valid reason for the officer not to have complied with appellee's request for confirmation of his identification which would have immediately demonstrated that he was not the man that the officers were looking for. Were the uncontradicted facts not such I would favor reversal.

ON PETITION FOR REHEARING DENIED
PER CURIAM.
Appellants have filed a petition for rehearing urging, among other things, that the petitioner, City of Jacksonville, is liable, if at all, only under principles of respondeat superior, and only to the extent that the arresting officers would themselves be liable, citing Modlin v. City of Miami Beach, Sup.Ct.Fla. 1967, 201 So.2d 70. We recognize the proposition urged by appellant, *549 City of Jacksonville, and take no issue therewith. Indeed, we inferentially acknowledged appellant's assertion in our original opinion. We find nothing in the Modlin case in conflict therewith.
Appellants, in their petition for rehearing, also cite to us Porter v. State, Fla. App. 3rd 1974, 302 So.2d 481, wherein our sister court of the Third District said:
"* * * Whether probable cause existed to make the arrest is to be determined from the facts and circumstances existing at the time viewed through the eyes of the arresting officer; that is, what a reasonable man, knowing all of the facts within the cognizance of the officer, would have believed under the circumstances."
With that principle of law we are in total agreement. It fits like a glove appellee's case. It will be noted that we recited in the majority opinion:
"Appellants and Appellee agree that the test in determining whether there existed reasonable ground to arrest without a warrant in the case sub judice is the sufficiency of the knowledge by the arresting officer, put to the test of what a reasonable man knowing all of the facts within the knowledge of the officer, would have believed under the circumstances."
Appellants finally refer us to City of Miami v. Nelson, Fla.App. 3rd 1966, 186 So.2d 535, certiorari denied 194 So.2d 621, particularly the recital therein to the effect that where there is no dispute in the testimony about the facts constituting the reasonable ground for belief that a felony has been committed, that question is for the court to decide. We take no issue with the holding in that case as applied to the facts sub judice. (See however Oosterhoudt v. Montgomery Ward and Co., Fla.App. 1st 1975, 316 So.2d 582).
Having considered each argument raised in appellants' petition and having carefully examined each authority cited, we conclude that the petition for rehearing should be, and is,
Denied.
BOYER, C.J., SMITH, J., and STEWART, LEON F., Associate Judge, concur.