316 So.2d 582 (1975)
Ann Mason OOSTERHOUDT, Appellant,
v.
MONTGOMERY WARD & COMPANY INCORPORATED, an Illinois Corporation, Appellee.
No. X-58.
District Court of Appeal of Florida, First District.
July 17, 1975.
*583 Lane T. Burnette, S. Perry Penland Law Offices, Jacksonville, for appellant.
Edna L. Caruso, Howell, Kirby, Montgomery, D'Aiuto & Dean, W. Palm Beach, James T. Terrell, and Ellis T. Fernandez, Jr., Jacksonville, for appellee.
BOYER, Chief Judge.
By this appeal we are requested to review a final summary judgment entered in favor of appellee, defendant in the trial court, in an action seeking damages for false imprisonment and malicious prosecution.
Appellant, plaintiff in the trial court, testified by way of deposition that she went into appellee's store intending to buy some articles, including Flair pens for her daughter. She first purchased some yarn which was placed in a bag. She thereafter picked up six felt pens, placing them between the bag of yarn and her chest. They were not placed in the bag. She continued browsing around looking for other items, but not finding what she was looking for she left the store. After she had traveled approximately 15 feet she decided to return to the store to purchase a knitting needle. As she turned to go back into the store a security lady who had been watching her and had seen her pick up the pens walked up to her, identified herself and asked to examine the contents of the bag. As appellant opened the bag the pens lying between her body and the bag fell to the ground. She immediately told the security agent that she had forgotten to pay for the pens and offered to do so. She was requested to return to the store where she was interviewed by the District Security Manager. She again offered to pay for the pens but payment was refused and the police was summoned. The police took her to the police station where she was charged with petit larceny and released on her own recognizance. The charge was subsequently dismissed for lack of probable cause.
Appellant filed a two count complaint, alleging first false imprisonment and in the second count malicious prosecution. Following proper procedural steps the final summary judgment here appealed was entered in which the following recitation is found:
"It is undisputed that Plaintiff had purchased an item in Defendant's store, was seen to take several pens into her possession, placing them between the bag furnished by the store for her purchase and her body, and then left the premises of the Defendant. After Plaintiff was a distance of at least fifteen feet away from the door of Defendant's store through which she had made her exit, *584 the security guard who had observed Plaintiff throughout all periods of time material hereto made inquiry of Plaintiff, the result of which was that Plaintiff insisted her removing Defendant's property from said store without paying for the same was unintentional and offered to pay for the same.
"There being no dispute as to the factual situation as above set forth, the court is of the opinion that the question of probable cause in the instant cause is for the court to determine and that Defendant's security agent's actions were fully justified under said circumstances and that said agent had probable cause."
We initially note that appellant does not contend that there were any questions of fact in regard to whether or not she was detained in a reasonable manner and for a reasonable length of time. The only issue presented is whether there was a question of fact to be resolved by a jury in regard to whether appellee had probable cause to believe that appellant was "shoplifting" and probable cause to institute criminal proceedings.
The learned trial judge was eminently correct in entering the summary judgment in favor of the defendant as to Count I of the complaint alleging false imprisonment. The law is so well settled in that regard as to render further discussion unnecessary. (See F.S. 811.022; Dixon v. State, Sup. Ct.Fla. 1931, 101 Fla. 840, 132 So. 684; Rothstein v. Jackson's of Coral Gables, Inc., Fla.App.3rd 1961, 133 So.2d 331 and Jefferson Stores, Inc. v. Caudell, Fla.App. 3rd 1969, 228 So.2d 99)
However, as to the second count of the complaint alleging malicious prosecution, quite another problem is presented. Appellee cites, and urges our adoption of, an article appearing in 87 A.L.R.2d at page 183 in which article we are told that it is the function of the court and not the trier of fact to determine the question of probable cause in malicious prosecution actions, candidly conceding that the basis for such contention is the apprehension that if the question of probable cause be left to a jury that body of citizens may not be trusted to sufficiently safeguard the rights of defendants. The cited article recites that such is the established law "at least by the overwhelming weight of authority", recognizing that a minority of jurisdictions hold contra. Neither party has cited any Florida case on the point and independent research has failed to reveal any. However, we are of the view that the general philosophy of the jurisprudence of the State of Florida is more in line with trust and confidence in the jury system which, according to the article in A.L.R.2d above mentioned, would place Florida in the minority.
In the case sub judice the pens alleged to have been stolen were not placed in the bag being carried by appellant but were placed between the bag and her body. She testified that she had voluntarily turned around to re-enter the store when she was apprehended by appellee's security agent. Appellant's deposition revealed that she was armed with money as well as a credit card and immediately offered to pay for the pens, giving a plausible explanation for having them in her possession. She denied having any criminal intent. Under such circumstances, although, as we have above held, appellee was well within its bounds to detain appellant for investigation, we think that under the circumstances revealed by the proofs a reasonable and material issue as to probable cause for the subsequent prosecution was presented which should have been submitted to a trier of fact and not resolved by the court on summary judgment.
Affirmed in part and reversed in part and remanded for further proceedings consistent herewith.
MILLS, J., and MELVIN, WOODROW M., Associate Judge, concur.