355 So.2d 1266 (1978)
Kiplan Carlyle OWENS, Appellant,
v.
CITY OF PENSACOLA, a Municipal Corporation, Appellee.
No. FF-333.
District Court of Appeal of Florida, First District.
March 15, 1978.
William R. Davenport, Pensacola, for appellant.
H. Edward Moore, Jr. of Sherill & Moore, Pensacola, for appellee.
*1267 BOYER, Judge.
Appellant constructed two large cardboard signs saying "Speed Trap Ahead" and placed them on both sides of a Pensacola intersection at which he had observed police officers using radar equipment. Moments later, he was arrested on a charge of "obstructing a police officer in the performance of his duties", a violation of Section 843.02, Florida Statutes. After an apparently heated exchange with one of the officers, appellant was put in the back of a police cruiser and taken to the city jail, fingerprinted, and booked. He was later released on bail.
At his arraignment, appellant pleaded not guilty and made a motion to dismiss, to which the state did not file a traverse. The county judge dismissed the charges, finding that appellant's acts did not constitute obstruction as a matter of law. Appellant then sued the City of Pensacola for false arrest and imprisonment and malicious prosecution. After appellant presented his case at that trial the circuit judge directed a verdict in favor of the city.
Appellant now contends on appeal that the trial court erred in taking the case from the jury. Appellee urges that there were no disputed issues of fact and the sole matter for the trial court's determination was whether the police officers had probable cause to believe that an offense had been committed. We agree with appellant and reverse.
In Priest v. Grover, 289 So.2d 767 (Fla. 2nd DCA 1974) an appeal from a final judgment entered on a directed verdict for the defendant in a malicious prosecution action, our sister court of the Second District stated:
"It is well settled that `in order for probable cause to exist the contenance of the situation must be such that a prudent man would set in motion the forces of a criminal proceeding. And, where it would appear to a "cautious man" that further investigation is justified before instituting that proceeding, then liability may attach for the failure to do so.' Liabos v. Harman, Fla.App.2d 1968, 215 So.2d 487.
"The question of probable cause of lack thereof is a mixed question of law and fact. If the facts relied on to prove a lack of probable cause are in dispute it becomes a question to be determined by a jury. Conversely, if the facts are admitted or uncontradicted, it is solely a question of law. Glass v. Parrish, Fla. 1951, 51 So.2d 717; Liabos v. Harman, supra." (289 So.2d at pages 768-769)
In Oosterhoudt v. Montgomery Ward & Company, Inc., 316 So.2d 582 (Fla. 1st DCA 1975) this court reviewed a final summary judgment entered in favor of the defendant in an action based upon false imprisonment and malicious prosecution. Although we there held that the defendant, the proprietor of a store, was properly determined not to have been guilty of false imprisonment and was well within his bounds in detaining the plaintiff for investigation, we specifically rejected the so-called "majority view" that it is the function of the court and not the trier of fact to determine the question of probable cause (in malicious prosecution actions), recognizing the basis of the majority view to be apprehension that the question of probable cause could not be entrusted to a jury. In that case we said:
"* * * Under such circumstances, although, as we have above held, appellee was well within its bounds to detain appellant for investigation, we think that under the circumstances revealed by the proofs of a reasonable and material issue as to probable cause for the subsequent prosecution was presented which should have been submitted to a trier of fact and not resolved by the court on summary judgment." (316 So.2d at page 584)
Certiorari was sought in, and denied by, the Supreme Court of Florida. (Montgomery Ward & Company, Inc. v. Oosterhoudt, 333 So.2d 463 (Fla. 1976).)
The distinction drawn in our Oosterhoudt decision between false imprisonment and malicious prosecution was based upon the rights of a merchant to temporarily detain for investigation one suspected of shoplifting. There is a clear distinction between *1268 temporary detention for investigation and an arrest as was accomplished sub judice.
In City of Jacksonville v. Walton, 318 So.2d 546 (Fla. 1st DCA 1975), a false arrest and false imprisonment case, this court stated:
"Appellants and Appellee agree that the test in determining whether there existed reasonable ground to arrest without a warrant in the case sub judice is the sufficiency of the knowledge by the arresting officer, put to the test of what a reasonable man knowing all the facts within the knowledge of the officer, would have believed under the circumstances.
"The Supreme Court of this State in the case of State of Florida v. Outten, 206 So.2d 392, defined `probable cause' as follows:
`The facts constituting probable cause need not meet the standards of conclusiveness and probability required of the circumstantial facts upon which conviction must be based. The sufficiency of the officer's knowledge is not to be judged by an analysis of the effect of each isolated circumstance. Rather, it is to be measured by the test of what a reasonable man would have believed had he known all of the facts known by the officer.'
"This test of what a reasonable man, possessed of the knowledge of the police officer, would have believed was followed also in the cases of Russell v. State, 266 So.2d 92 (3d, Fla.App.); Hardy v. State, 276 So.2d 536 (4th, Fla.App.); State v. Knapp, 294 So.2d 338 (2nd, Fla.App.). "Mr. Justice Powell of the Supreme Court of The United States, in the case of Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), stated:
`The standard for arrest is probable cause, defined in terms of facts and circumstances "sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense."'
"In the case sub judice it is quite obvious that the jury determined and did find that the arresting officers, with the knowledge of all the facts, when viewed in the light of what a reasonable man would believe, were not justified in the arrest of Plaintiff-Appellant. From our review of the transcript of the trial we can find nothing to justify our finding that the jury's verdict was against the manifest weight of the evidence." (318 So.2d at pages 547-548)
In that case, in a special concurring opinion, it was further stated:
"* * * Hindsight is much better than foresight and it is frequently easy upon meditation and cogitation to decide that there was a better alternative to a prior course of action. Police officers seldom enjoy the luxury of an opportunity to meditate before acting. Their actions must, of necessity if they are to be effective, be swift. (See Price v. Gray's Guard Service, Inc., Fla.App. 1st 1974, 298 So.2d 461) However, hectic as it may be the requisites of probable cause must be satisfied. (See Russell v. State, Fla.App. 1972, 266 So.2d 92)" (318 So.2d at page 548)
Upon further considering the point on a petition for rehearing, which was denied, we observed:
"Appellants, in their petition for rehearing, also cite to us Porter v. State, Fla. App. 3rd 1974, 302 So.2d 481, wherein our sister court of the Third District said:
`* * * Whether probable cause existed to make the arrest is to be determined from the facts and circumstances existing at the time viewed through the eyes of the arresting officer; that is, what a reasonable man, knowing all of the facts within the cognizance of the officer, would have believed under the circumstances.'
"With that principle of law we are in total agreement. It fits like a glove appellee's case. * * *"
* * * * * *
"Appellants finally refer us to City of Miami v. Nelson, Fla.App. 3rd 1966, 186 So.2d 535, certiorari denied 194 So.2d 621, *1269 particularly the recital therein to the effect that where there is no dispute in testimony about the facts constituting the reasonable ground for belief that a felony has been committed, that question is for the court to decide. We take no issue with the holding in that case as applied to the facts sub judice. (See however Oosterhoudt v. Montgomery Ward and Co., Fla.App. 1st 1975, 316 So.2d 582)." (318 So.2d at page 549)
In Food Fair Stores, Inc. v. Kincaid, 335 So.2d 560 (Fla. 2nd DCA 1976) the Second District Court of Appeal considered a case factually similar to that involved in our Oosterhoudt decision. (Oosterhoudt v. Montgomery Ward & Company, Inc., supra) There our sister court, as did we in Oosterhoudt, held that Florida Statute 901.34 (formerly F.S. 801.022) insulated a merchant from liability for false arrest because of a temporary detention for investigatory purposes of one suspected of shoplifting. However, as to malicious prosecution, that court, while recognizing the existence of our opinion in Oosterhoudt v. Montgomery Ward & Company, Inc., paid lip-service to Section 673 of the Restatement of Torts and to the annotation appearing at 87 ALR 183 but nevertheless held that the trial judge did not err upon committing the entire question of probable cause to the jury.
Since the case sub judice does not involve a merchant and therefore does not involve application of Florida Statutes 901.34 the cases above cited do not afford protection to the appellee on the false arrest charge. Probable cause, therefore, in this case, its definition and application, is the same as that involved in malicious prosecution and false imprisonment cases.
Our Oosterhoudt decision thereby requires that the issue of probable cause be submitted to the jury for determination. However, whether or not we follow Oosterhoudt it is also clear that a cautious, prudent or reasonable person would have investigated further whether the exercise by appellant of his right of freedom of speech and expression pursuant to the First Amendment to the Constitution of the United States constituted a criminal offense justifying his arrest. In short, if probable cause is an issue of law to be resolved by the trial judge it should have been resolved, under the facts of this case, in favor of appellant. If, on the other hand, probable cause is an issue to be resolved by the jury (as we held in Oosterhoudt) then the trial judge erred when he directed a verdict against appellant. In any event reversal is required.
In order to facilitate its review, we hereby certify to the Supreme Court of Florida the question here posed and resolved as a question of great public interest, all pursuant to Fla.App. Rule 2.1, subd. a(5)(b).
Reversed and remanded.
McCORD, C.J., concurring specially, and MILLS, J., dissenting.
McCORD, Chief Judge, concurring specially.
Were it not for this Court's previous opinion in Oosterhoudt v. Montgomery Ward & Company, Inc., 316 So.2d 582 (Fla. 1 DCA 1975), cert. den. 333 So.2d 463 (Fla. 1976), I would affirm. Here the facts going to the question of probable cause are clear and undisputed. Thus, the question for the jury is not a factual one but is purely a question of whether or not under these facts the officer had probable cause to believe that appellant had violated § 843.02, Florida Statutes, which provides in pertinent part as follows:
"Whoever shall obstruct or oppose any such officer, .. . in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree, ..."
I disagree with Judge Boyer's opinion in his statement that "... it is also clear that a cautious, prudent or reasonable person would have investigated further whether the exercise by appellant of his right of freedom of speech and expression pursuant to the First Amendment to the Constitution of the United States constituted a criminal offense justifying his arrest." The Constitution *1270 does not authorize violation of a constitutionally valid law under the guise of pursuance of one's constitutional rights. In my view, it is clear that a cautious, prudent or reasonable person would have considered that appellant had violated the above statute and would not have considered that further investigation was necessary. Not only did the officer consider the statute had been violated, but the state attorney who filed the information apparently considered it had been violated. Officers of the law are not lawyers and should not be held to the accountability of lawyers in relation to probable cause.
I agree with the following statement from the opinion of the District Court of Appeal, Second District, in Food Fair Stores, Inc. v. Kincaid, 335 So.2d 560 (Fla. 2 DCA 1976):
"A comprehensive annotation at 87 A.L.R. 183[1] entitled `Probable cause or want thereof, in malicious prosecution action, as question of law for court or of fact for jury' confirms this view. In his summary at page 186, the annotator states in part:
`The rule that the question of probable cause in an action for malicious prosecution is for the court, and not for the jury, although undoubtedly anomalous in that it substitutes the judgment of the court for that of the jury as to the reasonableness of the defendant's conduct in the light of the admitted or established facts and beliefs, is nevertheless, except in a few jurisdictions, established, in theory at least, by the overwhelming weight of authority. The rule in its origin is probably traceable to the apprehension of the courts that if the question of probable cause were left to juries, they might not sufficiently safeguard the rights of defendants, and thus might discourage the performance of a public duty of bringing complaints against persons they believe to have committed offenses.'
The annotation lists Florida among those jurisdictions supporting the majority view, and our study of Florida cases supports this conclusion. In Stone v. Hamic, Fla.App.2d 1966, 189 So.2d 908, this court stated:
`... When the facts relied upon to show probable cause are in dispute, their existence is a question of fact for the jury to resolve; the legal effect of such facts, when found or admitted to be true, is a question of law for the court to decide... .'
See also Glass v. Parrish, Fla. 1951, 51 So.2d 717; Lewton v. Hower, 1895, 35 Fla. 58, 16 So. 616; Cold v. Clark, Fla. 1965, 180 So.2d 347; contra Oosterhoudt v. Montgomery Ward & Company, Inc., supra."

Because of this Court's previous ruling in Oosterhoudt, I must concur in the judgment of Judge Boyer's opinion. I also concur in certification to the Supreme Court of Florida the question involved in this case as a question of great public interest.
MILLS, Judge, dissenting:
I dissent. I would affirm the trial court.
It has been said that to err in human; to forgive divine. I have erred. I now seek to amend the error. I beg forgiveness.
I concurred in the opinion written in Oosterhoudt v. Ward, 316 So.2d 582 (Fla. 1st DCA 1975), when I should have dissented. In my judgment, Oosterhoudt is premised on several inaccurate statements. 87 A.L.R.2d 183 is quoted as stating that it is the function of the court and not the trier of fact to determine the question of probable cause in malicious prosecution actions. It is further stated that although this is the overwhelming weight of authority no Florida decision on the point can be found.
In fact, at pages 188-189 of 87 A.L.R.2d it is stated:
"The broad general principle that in the determination of the question of probable cause in malicious prosecution actions, the function of the jury is more limited than that ordinarily afforded it in civil actions in general, and that the function of the court is correspondingly enhanced, is at *1271 least theoretically recognized by the great majority of the courts, as indicated by their announcement by one or more of the following rules: (1) that, on undisputed or admitted facts, the question of probable cause is one entirely for the court to determine, or, as otherwise stated, that what facts constitute probable cause is a question of law for the court; (2) that whether a particular fact exists is a question for the jury, or, as it is stated, that disputed facts are for the jury's determination; and (3) that the existence of probable cause is a mixed question of law and fact, a principle which has been interpreted to indicate no more than a combination of (1) and (2)."
At page 189, three Florida cases are cited as following the above statements of law. Glass v. Parrish, 51 So.2d 717 (Fla. 1951), one of them, states the law of Florida:
"... What facts and circumstances amount to probable cause is a pure question of law. Whether they exist or not in any particular case is a pure question of fact. The former is exclusively for the court; the latter for the jury. This subject must necessarily be submitted to the jury when the facts are in controversy; the court instructing them what the law is... ."
See subsequent cases of Stone v. Hamic, 189 So.2d 908 (Fla. 2d DCA 1966), and Food Fair Stores, Inc. v. Kincaid, 335 So.2d 560 (Fla. 2d DCA 1976).
There was no factual dispute in Oosterhoudt. The trial court properly determined the legal effect of the undisputed facts and we should have affirmed. For the above reasons, I would now recede from Oosterhoudt.
There is no dispute concerning the facts of the case before us. The trial court properly granted an involuntary dismissal in favor of defendant. I would affirm.
I agree with the majority that the question involved in this case be certified to the Supreme Court as a question of great public interest.
NOTES
[1] The correct citation of the Annotation is 87 A.L.R.2d 183.