PER CURIAM.
Appellants appeal a jury verdict in favor of appellee on false arrest, malicious prosecution, and compensatory damage counts. The action arose out of an episode at a J. M. Fields store at which appellant Klaus Schaeper, a 14-year-old Mongoloid child with the mental age of a four-year-old and the appearance of a 10-year-old, was seen by the store security guard taking a toy comb out of its package and putting it into his pocket. After making this observation, the security guard approached the boy, asked him where his parents were, and then, not receiving an answer, took the boy’s hand and walked toward the store intercom. Klaus’ mother then came up, and the security guard told her what he had seen. Subsequently, the guard, Klaus, and his mother proceeded to a back room, where Mrs. Schaeper removed the comb from Klaus’ pocket and returned it to the guard. The guard then asked her to sign a release form which insulated Fields from civil liability ,for the incident and further stated that there had been “reasonable and probable grounds for the apprehension and detention.” Mrs. Schaeper refused to sign the admission and asked to call her husband. She did so. Mr. Schaeper advised her not to *351 sign the form and stated that he would come to the store. He then spoke to the security guard, who testified that Schaeper was abusive, threatening to sue Fields over the incident. The security guard then called the Gainesville police because, according to his testimony, “I needed something legal to protect me to show that I had not held her.” The police officer arrived at the store at approximately the same time as Mr. Schaeper and stated in his testimony that Schaeper was threatening suit against Fields and threatening to “have” the security guard’s and policeman’s jobs. Schaeper then read the release form and asked to call an attorney. He was permitted to call several attorneys but could not contact one.
The Schaepers testified that both the security guard and the police officer encouraged them to sign the release and threatened that unless they did so, Klaus would have to be taken to the juvenile detention center. They continued in their refusal, however, and the officer filled out a juvenile complaint form charging Klaus with shoplifting and releasing him to his parents’ custody.
Subsequently, the juvenile intake counselor assigned to the case interviewed the Schaepers and upon learning of Klaus’ retardation, recommended that the case not be prosecuted further. That report was forwarded to the State Attorney’s office for investigation, and the charges were dropped. The Schaepers’ suit against Fields followed.
At the trial, the Assistant State Attorney who investigated the case stated that he had dropped the prosecution because he believed no useful function would be served by taking the child to juvenile court. In addition, however, he was then permitted to testify, over the objection of appellants’ counsel, that he had concluded that Fields’ security guard had had “sufficient probable cause to stop the young man involved.”
Appellants’ first point on appeal is that the trial court erred in permitting the Assistant State Attorney to testify that probable cause existed for the detention and prosecution of Klaus for shoplifting. They argue essentially that since it is the function of a jury to determine whether or not a merchant has probable cause to detain a suspected shoplifter under § 901.34(1), Jefferson Stores v. Caudell, 228 So.2d 99 (Fla. 3 DCA 1969), and since the question of probable cause in a malicious prosecution case is for the determination of the jury, Oosterhoudt v. Montgomery Ward & Co., Inc., 316 So.2d 582 (Fla. 1 DCA 1975), the assistant state attorney’s testimony regarding probable cause invaded the province of the jury on both the false arrest and the malicious prosecution counts. We agree. The testimony of the assistant state attorney here told the jury that the legal officer charged by the state with enforcing the law had investigated the facts and reached the conclusion that the J. M. Fields employee had had probable cause for its actions with regard to the Schaeper incident. The prejudicial effect of this testimony is incalculable, and the case must be reversed on this account. As we indicated in Oosterhoudt, supra, we believe that the jury must be allowed to draw its own conclusions in determining the crucial question of probable cause in malicious prosecution actions. We think that policy was offended by the introduction of the testimony here.
Recently, however, in Owens v. City of Pensacola, 355 So.2d 1266 (Fla. 1 DCA 1978), this Court certified the question of whether probable cause is an issue to be resolved by the jury to the Supreme Court of Florida. We think that the proper procedure to be followed on the remand of this case must be determined by how the law stands at the time of the retrial. If our Oosterhoudt holding is still valid, the issue of probable cause must be retried by a jury. If the Supreme Court decides before the trial that the issue of probable cause can be determined by the trial court as a matter of law, it appears to us that there being no material questions of fact here, the court could make that determination in this case. Appellants’ other points, claiming that the court erred in denying their motion for a new trial because the verdict was contrary to the manifest weight of the evidence and *352 claiming error in the court’s refusal to givé a requested instruction on malicious prosecution, are without merit.
The judgment is reversed and the case remanded for proceedings consistent with this opinion.
McCORD, C. J., and MILLS and ERVIN, JJ., concur.