369 So.2d 328 (1979)
CITY OF PENSACOLA, a Municipal Corporation, Petitioner,
v.
Kiplan Carlyle OWENS, Respondent.
No. 53795.
Supreme Court of Florida.
February 1, 1979.
Rehearing Denied April 27, 1979.
H. Edward Moore, Jr. of Sherrill & Moore, Pensacola, for petitioner.
William R. Davenport, Pensacola, for respondent.
HATCHETT, Justice.
We have for resolution a certified question: In an action for malicious prosecution, is it the function of the court or of the jury to determine the existence of probable cause?[1] Jurisdiction is pursuant to article V, section 3(b)(3), Florida Constitution. Where the facts are undisputed, as is the case here, the court must determine probable cause.
The facts of the case and its history are set out in the First District Court of Appeal's opinion as follows:
Appellant constructed two large cardboard signs saying "Speed Trap Ahead" and placed them on both sides of a Pensacola intersection at which he had observed police officers using radar equipment. Moments later, he was arrested on a charge of "obstructing a police officer in the performance of his duties," a violation of Section 843.02, Florida Statutes. After an apparently heated exchange with one of the officers, appellant was put in the back of a police cruiser and taken to the city jail, fingerprinted, and booked. He was later released on bail.
At his arraignment, appellant pleaded not guilty and made a motion to dismiss, to which the state did not file a traverse. The county judge dismissed the charges, finding that appellant's acts did not constitute obstruction as a matter of law. Appellant then sued the City of Pensacola for false arrest and imprisonment and malicious prosecution. After appellant presented his case at that trial the circuit judge directed a verdict in favor of the city.
Appellant now contends on appeal that the trial court erred in taking the case from the jury. Appellee urges that there were no disputed issues of fact and the sole matter for the trial court's determination was whether the police officers had probable cause to believe that an offense had been committed. We agree with appellant and reverse.
Owens v. City of Pensacola, 355 So.2d 1266, 1267 (Fla. 1st DCA 1978).
To resolve the issue in this case, we must examine Oosterhoudt v. Montgomery Ward & Co., 316 So.2d 582 (Fla. 1st DCA 1975), cert. denied, 333 So.2d 463 (Fla. 1976). In Oosterhoudt, a woman entered a department *329 store intending to buy some writing materials. After purchasing an item, she picked up six felt writing pens and placed them between the bag containing the purchased item and her chest. After browsing in the store for a short time, she left the store. After she had gone about 15 feet, she started to return to the store. As she turned to go back into the store, she was approached by a security person who asked to examine the contents of the bag. As the shopper opened the bag, the pens that had been held between her body and the bag fell to the ground. The shopper offered to pay for the pens but payment was refused. She was later interviewed by another security officer who also refused her offer to pay for the pens. Police authorities were summoned, and the shopper was arrested and charged with petit larceny. The petit larceny charge was subsequently dismissed for lack of probable cause.
The shopper then filed a two-count complaint. The first count alleged false imprisonment, and the second count alleged malicious prosecution. The trial court found that the facts were not in dispute and entered final summary judgment in favor of the store.
The First District Court affirmed the trial court's entry of summary judgment on the false imprisonment count, relying on section 901.34, Florida Statutes (1975).[2] On the malicious prosecution count, it held that probable cause was a question for the jury and stated:
However, as to the second count of the complaint alleging malicious prosecution, quite another problem is presented. Appellee cites, and urges our adoption of, an article appearing in 87 A.L.R.2d at page 183 in which article we are told that it is the function of the court and not the trier of fact to determine the question of probable cause in malicious prosecution actions, candidly conceding that the basis for such contention is the apprehension that if the question of probable cause be left to a jury that body of citizens may not be trusted to sufficiently safeguard the rights of defendants. The cited article recites that such is the established law "at least by the overwhelming weight of authority," recognizing that a minority of jurisdictions hold contra. Neither party has cited any Florida case on the point and independent research has failed to reveal any. However, we are of the view that the general philosophy of the jurisprudence of the State of Florida is more in line with trust and confidence in the jury system which, according to the article in A.L.R.2d above mentioned, would place Florida in the minority.
Oosterhoudt v. Montgomery Ward & Co., 316 So.2d at 584.
The majority view on this question is stated at pages 188-89 of 87 A.L.R.2d:
The broad general principle that in the determination of the question of probable cause in malicious prosecution actions, the function of the jury is more limited than that ordinarily afforded it in civil actions in general, and that the function of the court is correspondingly enhanced, is at least theoretically recognized by the great majority of courts, as indicated by their announcement by one or more of the following rules: (1) that, on undisputed or admitted facts, the question of probable cause is one entirely for the court to determine, or, as otherwise stated, that what facts constitute probable cause is a question of law for the court; (2) that whether a particular fact exists is a question for the jury, or, as it is stated, that disputed facts are for the jury's determination; and (3) that the existence of probable cause is a mixed question of law and fact, a principle which has been interpreted to indicate no more than a combination of (1) and (2).
We first adopted what we now hold to be the law of Florida in Glass v. Parrish, 51 So.2d 717 (Fla. 1951), where we stated at page 722:

*330 We approve the following quotation from the appellate court of Indiana ...: "`What facts and circumstances amount to probable cause is a pure question of law. Whether they exist or not in any particular case is a pure question of fact. The former is exclusively for the court; the latter for the jury. This subject must necessarily be submitted to the jury when the facts are in controversy; the court instructing them what the law is.' . ." [Citations omitted; emphasis in original.]
This rule has prevailed in all cases except Oosterhoudt. Food Fair Stores, Inc. v. Kincaid, 335 So.2d 560 (Fla. 2d DCA 1976); Stone v. Hamic, 189 So.2d 908 (Fla. 2d DCA 1966). To the extent that it holds otherwise, we disapprove the decision in Oosterhoudt v. Montgomery Ward & Co.
Accordingly, the decision of the First District Court of Appeal is quashed and the case remanded to that court with directions that the trial court be affirmed.
It is so ordered.
ADKINS, BOYD, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
ENGLAND, C.J., concurs with an opinion.
ENGLAND, Chief Justice, concurring.
Under Florida law, the plaintiff in a malicious prosecution lawsuit[1] must establish a lack of probable cause for the criminal prosecution as an element of his proof,[2] and if he does then two things happen. First, the plaintiff is entitled to have the jury, not the judge, determine his claim for damages. Second, the burden shifts to the defendant to justify the institution of a judicial proceeding if the defendant chooses to put on evidence.
The question apparently certified to us is whether a trial judge may direct a verdict for the defendant at the end of plaintiff's case in this class of case on the ground that the plaintiff has failed to show an absence of the defendant's "probable cause" for filing suit. This question is simple enough, and I agree with my colleagues that it requires an affirmative answer. A trial judge can always direct a verdict against a plaintiff who fails to prove a material element of his case.
I also agree with my colleagues that the answer to this question resolves this lawsuit in the city's favor, for Owens failed to prove in his case that the City of Pensacola lacked probable cause to charge Owens with an obstruction of justice. The legal issue was not, I submit, whether the police officers had probable cause to arrest Owens. That would be relevant to a false arrest or a false imprisonment claim. The issue in a malicious prosecution suit is whether the suit was brought without a reasonable prospect of success  probable cause to charge the particular crime. Owens has not shown that the city's criminal charge lacked a probable foundation. Surely the fact that it was dismissed does not alone establish its improbability.
Having failed to prove a material element of his claim, Owens was subject to a directed verdict against him, and the trial judge properly aborted his lawsuit at the close of his presentation of evidence.
NOTES
[1] Neither false arrest nor false imprisonment is certified to us, as we view the record.
[2] Reliance on the statute was not fully explained until Owens v. City of Pensacola, 355 So.2d 1266.
[1] I accept the majority's construction of the record to the effect that false arrest and imprisonment are not the issues certified.
[2] See Glass v. Parrish, 51 So.2d 717, 718 (Fla. 1951).