ANSTEAD, Judge.
This is an appeal from a summary final judgment entered for the defendants, a bank and its attorney, in a wrongful attachment action.
Plaintiff’s property was originally attached in 1967 when the bank filed a conversion action against the plaintiff. At that time the bank’s president executed an affidavit stating that the plaintiff was fraudulently “concealing, disposing and removing property beyond the limits of the State” in order to prevent the bank from recovering the assets in the conversion ac *378 tion. The attorney was alleged to have prepared the affidavit and sought the attachment knowing there were insufficient grounds therefor. Thereafter a writ of attachment was issued and executed pursuant to Section 76.05, Florida Statutes (1967), and plaintiff’s property remained attached under legal process until 1976, when the plaintiff prevailed in a trial of the conversion action.
In support of their motion for summary judgment the appellees submitted to the trial court transcripts of proceedings conducted in an earlier will contest action between the bank and the plaintiff, in which the bank had prevailed. These transcripts contained proof that numerous transfers of properties had occurred from the decedent Balch to the plaintiff, but that the plaintiff had denied those transfers and had also transferred some of her assets out of the state. The appellees claim that these proceedings sufficiently established “probable cause” for the attachment.
In opposition to the motion for summary judgment the plaintiff submitted affidavits of herself and her former attorney, now her husband. These affidavits stated that any transfers of assets by the plaintiff out of the state took place several years before the attachment was sought; that the plaintiff had at no time wrongfully converted any property of the bank or the Balches; that the plaintiff had not fraudulently transferred any assets out of the state at any time; and that the bank’s president, who executed the original attachment affidavit, had recently sworn under oath that at the time he executed the affidavit for attachment he had no knowledge (contrary to the statements in that affidavit) that the plaintiff was concealing, removing or disposing of her assets.
The trial court concluded that the transcripts of the will contest were sufficient to establish probable cause for the attachment. Had the trial court been acting as the trier of fact we might agree, but in considering the motion for summary judgment we believe the trial court was faced with conflicting versions of the facts and erred in resolving that conflict. Blythe v. Williams, 356 So.2d 334 (Fla. 4th DCA 1978). Also see City of Pensacola v. Owens, 369 So.2d 328 (Fla.1979). The transcripts of the will contest appear to support a finding of probable cause. But the plaintiff’s affidavits-directly contradicted the sworn statements in the bank president’s affidavit upon which attachment was issued. In one of plaintiff’s affidavits it was even asserted that the bank president had, in essence, acknowledged that some of the statements in the attachment affidavit were false. As is often the case, “someone must not be telling the truth” in these conflicting affidavits. However, these conflicts must be resolved by the trier of fact and cannot be resolved by summary judgment. Since we have concluded that there is a genuine issue as to a material fact, there is no need for us to rule on the other issues raised by the appellant.
Accordingly, the final summary judgment is reversed as to both defendants, with directions that further proceedings be conducted in accord with this opinion.
BERANEK, J., and SIEGENDORF, ARDEN M., Associate Judge, concur.