400 So.2d 30 (1981)
CENTRAL FLORIDA MACHINERY CO., INC., a Florida Corporation, Appellant,
v.
David J. WILLIAMS and Stanley, Durrance and Wines, P.A., Appellees.
No. 80-1093.
District Court of Appeal of Florida, Second District.
May 13, 1981.
Rehearing Denied July 1, 1981.
*31 Ellis Rubin, Miami, for appellant.
Donald G. Jacobsen and Robert L. Trohn of Lane, Trohn, Bertrand, Williams & Smith, Lakeland, for appellees.
DANAHY, Judge.
Appellant, the plaintiff in a malicious prosecution action, appeals a summary judgment for appellees. We reverse.
Appellant was a defendant in a wrongful death action brought by Juanita Watson as administratrix of the estate of Charles R. Watson, deceased. In that suit Watson demanded damages based on theories of negligence, breach of implied warranty, and strict liability in tort. The deceased, Charles R. Watson, had been killed in a citrus sampling machine installed by appellant. In the Watson suit summary judgment was entered in favor of appellant and that summary judgment was upheld by this court. Watson v. Lucerne Machinery and Equipment, Inc., 347 So.2d 459 (Fla.2d DCA 1977), cert. denied, 352 So.2d 176 (Fla. 1977).
Appellees are the attorneys who represented Watson. Appellant brought this suit against appellees to recover damages for malicious prosecution in connection with the Watson lawsuit. Appellees moved for summary judgment on the sole ground that "there are no facts indicating that defendants acted with actual malice or that they knew that their clients did so, or that defendants' actions were equivalent to actual malice."
Appellees submitted two affidavits in support of their motion. One affidavit was that of appellee Williams in which he recited his thought processes and the reasons for his conclusion that there was probable cause for the prosecution of the Watson suit. The affidavit recited that Williams and his law firm investigated the facts and circumstances surrounding the accident through the use of a privately employed investigator and by reviewing reports of the sheriff's department and workers compensation carrier. The other supporting affidavit was that of Eugene Harris, an experienced attorney, who also stated that he believed there was probable cause for the filing of the Watson lawsuit. Appellant submitted no opposing affidavit but did submit a response to the motion for summary judgment with exhibits attached which was considered by the trial judge before the entry of the summary judgment.
The ground asserted in the motion for summary judgment and appellant's response framed the legal issue facing the trial judge at the hearing. In its response, appellant pointed out that the motion would hold it to the burden of showing in this suit that appellees acted with actual malice. Appellant urged that a different standard prevails in Florida, arguing that "while malice is one of the required elements to be proven in a malicious prosecution action, this kind of malice is shown if and when a plaintiff proves lack of probable cause; thus, malice is inferred." Appellant relied on the recent decision in Fee, Parker & Lloyd, P.A. v. Sullivan, 379 So.2d 412 (Fla.4th DCA 1980) for the proposition that for purposes of an action for malicious prosecution, malice is inferred when lack of probable cause is proven by the plaintiff. We agree.
*32 The trial judge entered summary judgment for appellees on a finding that "there is no evidence of actual malice, or conduct of such egregious negligence as to be [the] substantial equivalent of actual malice," and "actual malice or its substantial equivalent should be required before suit for malicious prosecution may be successfully maintained by [a] third party against the attorney for another party." We hold that the trial judge erred in so ruling, and reverse.
We express no opinion as to the propriety of the summary judgment had the issue of "legal malice" and the existence or want of probable cause been presented.
REVERSED and REMANDED for further proceedings consistent with this opinion.
SCHEB, C.J., and HOBSON, J., concur.