457 So.2d 582 (1984)
Iris S. GAUSE, Appellant,
v.
FIRST BANK OF MARIANNA, Appellee.
No. AZ-88.
District Court of Appeal of Florida, First District.
October 12, 1984.
Rehearing Denied November 2, 1984.
*583 Donald L. Tucker, P.A., Tallahassee, for appellant.
Charles Wynn, Marianna and Thayer M. Marts, Tallahassee, for appellee.
MILLS, Judge.
This case is before the court on an appeal from entry of final summary judgment in favor of appellee First Bank of Marianna (Bank). We reverse and remand for trial on both counts of appellant Gause's counterclaim, abuse of process and malicious prosecution.
Bank was in possession of three notes bearing the purported signature of Gause, the original dated 1975 and two renewal notes, one each in 1976 and 1977. Only the 1977 note was involved below. The note went into default and, in early 1979, Gause was contacted regarding payment thereof. Gause repeatedly denied having signed any of the notes and rejected the Bank's urging to sign an affidavit to that effect. Despite these denials and indications in the record that the Bank had reason to believe someone other than Gause had signed the note, the Bank filed suit against Gause on the note in February 1980. Gause's answer to the complaint, eventually amended to include her husband as a defendant, included a counterclaim against Bank for abuse of process. It alleged that Bank was misusing process to obtain funds to which it was not entitled and to obtain various other unwarranted concessions from Gause.
On 25 August 1981, Gause moved for summary judgment against Bank, which was granted on 13 November 1981. Bank did not appeal. On 3 May 1982, Gause moved to amend her counterclaim to add a count in malicious prosecution. The motion was granted, after the court reversed itself on an earlier decision to grant a motion for summary judgment by Bank.
After filing an answer denying the allegations of the counterclaims and asserting certain affirmative defenses, Bank again moved for summary judgment on 17 March 1983, directed only to the abuse of process count. Supporting the motion was certain correspondence between Bank and Gause prior to suit, urging her to sign the aforementioned affidavit, which allegedly refuted the abuse of process claim.
Despite the Bank's failure in its motion to address the count in malicious prosecution, the hearing on the motion consisted solely of argument on that count, without objection by and with the full cooperation of Gause. Bank's argument was that it had had probable cause to sue Gause on the note because of: 1) her apparent signature on the note; 2) the fact that cash payments had been made on the note; presumably by Gause, and 3) the advice of its counsel. Gause in turn argued that these facts, purporting to show probable cause, were still disputed. Gause also objected to Bank's use of the affirmative defense of advice of counsel for the first time at the hearing. At the conclusion of arguments of counsel, the trial judge stated, "I think [they] acted on his (lawyer's) advice. I'm going to grant their motion for summary judgment as to malice in this case. I don't believe that they have it." The written *584 judgment, entered 9 May 1983 stated "as a matter of law that the acts of [Bank] were without malice" and ordered that the "motion for summary judgment is hereby granted." After the appeal of this order was dismissed by this court on the ground that the order was not a final judgment but rather only authorization therefore, Gause v. First Bank of Marianna, 442 So.2d 1062 (Fla. 1st DCA 1983), a "corrective final order" was entered on 20 April 1984 which added this sentence to the first order: "[I]t is ordered ...: that [Gause] take nothing by this action and that [Bank] go hence without day." This appeal followed.
Gause states three grounds for reversal of the court's summary judgment order: 1) the order is erroneous on its face because a) malice is not an element of a cause of action in abuse of process; thus, finding no malice does not dispose of that count, and b) malice should not have been determined by the trial court in any case as it is a question of fact to be decided by the jury; 2) the trial court should not have considered or relied on the affirmative defense of advice of counsel as it was not raised in the pleadings, nor supported by the record, but rather raised for the first time by argument of counsel; and 3) there are still disputed issues of material fact remaining for determination, rendering summary judgment inappropriate. We agree on all points.
The court's specific findings do not dispose of the count in abuse of process. Malice need not be found before liability for this tort can attach. Cline v. Flagler Sales Corp., 207 So.2d 709, 711 (Fla. 3d DCA 1968); Bradley v. Peaden, 347 So.2d 455, 456 (Fla. 1st DCA 1977). Neither does following the advice of counsel negate this cause of action. Advice of counsel is a complete defense to a malicious prosecution action by negating the required elements of probable cause and malice, neither of which are elements of a cause of action in abuse of process. Cline at 711. Abuse of process consists rather of a willful and intentional misuse of process for some wrongful and unlawful object or collateral purpose. Peckins v. Kaye, 443 So.2d 1025, 1026 (Fla. 2d DCA 1983). Therefore, the court's order does not properly dispose of this count and it still remains for determination.
The elements of a cause of action in malicious prosecution are: 1) the commencement or continuation of an original criminal or civil judicial proceeding; 2) its legal causation by the present defendant against the plaintiff; 3) its bona fide termination in favor of the plaintiff; 4) the absence of probable cause for such a prosecution; 5) the presence of malice; and 6) damages conforming to legal standards resulting to the plaintiff. Johnson v. City of Pompano Beach, 406 So.2d 1257, 1258 (Fla. 4th DCA 1981). This case centers around the issues of Bank's probable cause to file suit against Gause and whether malice was the motivation for the suit.
The question of probable cause is a mixed one of law and fact. City of Pensacola v. Owens, 369 So.2d 328, 329 (Fla. 1979). If the facts alleged to show probable cause are undisputed, the existence of probable cause is one of law for the court. Id. at 329. If, however, these facts are disputed, the question of their existence becomes one for the jury. Glass v. Parrish, 51 So.2d 717, 718 (Fla. 1951). Malice becomes a jury question once a lack of probable cause is found. Azrikan v. O'Brien, 173 So.2d 711, 713 (Fla. 3d DCA 1965); Central Florida Machinery v. Williams, 400 So.2d 30, 31-2 (Fla. 2d DCA 1981). Because the court made a finding of no malice herein, we must presume that it found first that Bank had probable cause to sue Gause. This finding would, of course, be inappropriate if the facts alleged to show probable cause are disputed; in that case the existence of those facts must first be found by the jury. City of Pensacola, supra; Glass, supra.
In a motion for summary judgment, it is the movant's (in this case, Bank's) burden to show the nonexistence of such material disputed facts; until this burden is met, the non-movant (Gause) has no obligation *585 to prove that such facts exist. Holl v. Talcott, 191 So.2d 40 (Fla. 1966). The burden is heavy, since "the evidence in pleadings, depositions, answers to interrogatories, admissions and affidavits must overcome all reasonable inferences which may be drawn in favor of the non-movant." Guy v. Kight, 397 So.2d 402, 403 (Fla. 5th DCA 1981). Summary judgment "should not be granted unless the facts are so crystallized that nothing remains but questions of law... ." Green Valley School v. Cowles Florida Broadcasting, Inc., 327 So.2d 810, 817 (Fla. 1st DCA 1976), and if there is "the slightest doubt upon any issue of material fact, then ... summary judgment may not be granted." Connell v. Sledge, 306 So.2d 194, 196 (Fla. 1st DCA 1975).
The Bank did not meet this burden, and therefore the court should not have proceeded to find probable cause. Probable cause is allegedly shown by: 1) a reasonable belief that Gause signed the note; 2) the fact that cash payments (source unrecorded) had been made on the note, presumably by Gause; 3) the fact that renewal notices were sent to Gause's address in 1976 and 1977, with no objection to the signature's authenticity; 4) Gause's refusal to sign an affidavit stating she had not signed the note; and 5) the filing of the suit on advice of counsel.
The record demonstrates that none of these facts are undisputed: 1) a letter from a bank examiner to the Bank reflects that prior to the suit, at least one bank officer believed someone besides Gause had signed the note; further, the suit was continued seven months after the Bank's own handwriting expert stated that Gause in all likelihood was not the signator; 2) Gause flatly denied making any payments on the note or knowing who did; 3) Gause denied that notices of renewal were ever received by her; and 4) Gause's contention that not only an affidavit was requested by Bank, but her signature on a renewal note and mortgage to secure it as well.
Finally, it was improper for Bank to raise, or for the court to accept, the affirmative defense of advice of counsel. Affirmative defenses must be raised in the pleadings or they are waived. Rule 1.110(d), Fla.R.Civ.P.; see also Joseph Bucheck v. W.E. Music, 420 So.2d 410, 414-5 (Fla. 1st DCA 1982). Here the defense was raised nowhere in the pleadings or record until counsel's argument at the hearing. Therefore, it should not have been considered in ruling on the motion.
The summary judgment entered in favor of the Bank is reversed. This cause is remanded for trial on both counts of Gause's counterclaim, which trial shall address the issues raised by the pleadings.
ERVIN, C.J., and ZEHMER, J., concur.