GRIFFIN, Judge.
This is the appeal of a final summary judgment rendered in favor of the City of Ocala on all counts of a three-count complaint alleging false arrest, malicious prosecution, and defamation.
On December 16,1987, pursuant to information received by the Ocala Police Department about a “lingerie show” to be presented at the Beachnuts Lounge, plainclothes policemen observed the performance and made numerous arrests based on violation of Ocala City Code, § 3-7, which proscribed certain “indecent acts” on premises where alcohol was served. Among those arrested were David Luongo, a patron of the club, and appellant, Corinne Lynne Heller, one of the lingerie models. The patron received a Notice to Appear in court stating:
[that he] did touch w/f dancer on the rt. upper thigh while she was dancing in the bar and wearing lingerie, to wit: The def. placed a dollar bill in front of her T-strap and after which he stroked the outside of her rt. thigh.
Ms. Heller’s Arrest Affidavit/First Appearance Form stated in pertinent part:
On one occasion affiant observed the def. move into such a position as to allow David Allan Luongo to place a dollar bill in the front of her T-strap and allowed his index finger to enter the garment in such a manner to touch her genitals.
On January 21, 1988, the State Attorney’s Office filed an Announcement of No Information dismissing the charges against Ms. Heller. On December 2, 1988, Ms. Heller filed a three-count complaint against the City of Ocala alleging malicious prosecution, false arrest and defamation.
On March 7, 1989, the City filed a Motion for Summary Judgment. That motion was based in part on the contention that the arresting officers were unaware that the ordinance under which appellant was arrested had been held unconstitutional in 1986. Several months later, the City filed a Supplemental Memorandum of Law in Support of its Motion for Summary Judgment asserting that the arresting officers had probable cause to arrest Ms. Heller under sections 847.011(4) and 847.001(11), Florida Statutes (1987).[1] On September 27, 1989, the trial judge entered Final Summary Judgment in favor of the City on all counts. We find no error in granting the final summary judgment on the defamation claim; however, the record reveals that facts material to the issue of “probable cause” relating to false arrest and malicious prosecution counts were in sharp dis *632 pute and summary judgment was thus improper.
Under Florida law, a police officer can arrest without a warrant if a violation of a municipal ordinance or a misdemeanor is committed in his presence. § 901.15, Fla.Stat. (1987). The law is clear that the facts and circumstances necessary to meet this statutory test is a pure question of law for the court but the question of whether such facts exist in any particular case is one of fact. When the underlying facts are in controversy the issues must be submitted to the jury. City of Pensacola v. Owens, 369 So.2d 328 (Fla.1979); Hood v. Zayre Corp., 529 So.2d 1197 (Fla. 5th DCA 1988).
Here, one officer described seeing the appellant allow a patron to hook his index finger inside the front of her T-Strap, pull it out, insert paper currency and let it go. Another testified “the girls” exposed their breasts, their buttocks, allowed spectators to touch them on their legs and place dollar bills in their costumes. By contrast, the appellant, as well as the patron involved in the alleged incident, testified that no such contact or exposure took place. Under the circumstances, the jury must ascertain whether appellant committed acts constituting a crime under Florida law. The summary final judgment on Counts II and III of the complaint is reversed.
AFFIRMED in part; REVERSED in part.
COWART, J. and ORFINGER, M„ Associate Judge, concur.

. It appears that the possibility of arresting appellant under section 847.011(4), Florida Statutes, was suggested by the trial judge at an earlier hearing.