HALL, Judge.
The appellant, Henry Peterson, challenges his conviction for possession of cocaine. Though we find no merit in three of the issues he raises on this appeal, we find his motion to suppress the evidence against him should have been granted.
In April 1989, Peterson was arrested for public consumption of alcohol in violation of a Haines City ordinance. A search incident to that arrest revealed Peterson was also in possession of quantities of cocaine and cannabis in violation of section 893.13, Florida Statutes (1989), as well as certain drug paraphernalia in violation of section 893.147, Florida Statutes (1989). Though Peterson was charged by information on all counts, he was tried and convicted by jury only on the cocaine charge.
Peterson contends the officers involved lacked probable cause to arrest him, claiming his arrest was illegal and that all evidence seized as a result should have been found to be inasmissible at trial. We agree.
Since violation of a city ordinance is treated as a misdemeanor, only the officers’ own observations will be considered in determining probable cause to arrest. § 901.15(1), Fla.Stat. (1989); Heller v. City of Ocala, 564 So.2d 630 (Fla. 5th DCA 1990); Towne v. State, 495 So.2d 895 (Fla. 1st DCA 1986).
In the instant case, the record shows the officers observed Peterson sitting on a bench outside a bar with a plastic container beside him. The officers testified they neither saw Peterson holding the cup, nor otherwise consuming its contents, at the time they approached him. Since the officers did not observe Peterson engaging in illegal activity, his arrest and the subsequent search which ensued were unlawful. Consequently, the physical evidence derived from that search should have been suppressed. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
Accordingly, we reverse the trial court’s order denying Peterson’s motion to suppress and vacate his conviction and sentence. We therefore remand the cause with directions consistent herewith.
FRANK, A.C.J., and PATTERSON, J., concur.